Darrell D. PICKETT, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 52631, 52632.

Court of Criminal Appeals of Texas.

Nov. 3, 1976.

Ronald N. Hayes, Houston, for appellant.

Carol S. Vance, Dist. Atty., and James C. Brough, Michael A. Andrews, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

These appeals are from orders revoking probation.

In No. 52,631, appellant was convicted of robbery by assault on August 22, 1973. In No. 52,632, he was convicted of assault with intent to rob on August 23, 1973. Punishment was assessed at ten years in each cause. In both, imposition of sentence was suspended and probation granted. Among the conditions of each probation was the requirement that appellant commit no offense against the laws of any state or the United States.

On March 26, 1974, the State filed motions to revoke each probation, alleging in both that on February 14, 1974, appellant violated the above cited condition of his probations in that he committed the offense of attempted burglary. The trial court, after hearing evidence on the motions to revoke, found that appellant had committed the offense of burglary, revoked appellant's probations, and reduced the punishment in each to eight years.

The conviction in No. 52,631 (robbery by assault) must be set aside and the prosecution ordered dismissed because the indictment for the underlying offense is fundamentally defective. The charging portion of that instrument alleges that appellant on February 27, 1973, did:

"assault Sharon Veatch hereafter styled the Complainant, and did by the assault, by violence, and by putting the Complainant in fear of life and bodily injury, fraudulently and against the Complainant's will take from the person and possession of the Complainant money with the intent to deprive the Complainant of the value of the property and to appropriate it to the Defendant's use."

It is well established that in a prosecution for robbery under our former Penal Code ownership of the property taken is an essential element of the offense. It is critical, therefore, that the indictment directly aver such ownership in some person. The failure of the indictment in the instant case to do so is fundamental error and renders that instrument incapable of supporting a conviction for robbery by assault. *Franks v. State,* Tex.Cr.App., 532 S.W.2d 631 (on motion for rehearing); *Page v. State,* Tex.Cr.App., 532 S.W.2d 341; *Pittman v. State,* Tex.Cr.App., 532 S.W.2d 97; *Batro v. State,* Tex.Cr.App., 531 S.W.2d 614; *Ainsworth v. State,* Tex.Cr.App., 531 S.W.2d 613; *French v. State,* Tex.Cr.App., 531 S.W.2d 613; *Arline v. State,* Tex.Cr.App., 529 S.W.2d 73; *Bouie v. State,* Tex.Cr.App., 528 S.W.2d 587; *Lucero v. State,* Tex.Cr.App., 502 S.W.2d 128.

Next, we must consider appellant's grounds of error with respect to the order revoking his probation in Cause No. 52,632.

First, he contends that our present Penal Code enumerates no offense of attempted

burglary and therefore the State's motion to revoke was not sufficient to charge a violation of any of the conditions of probation. In light of V.T.C.A. Penal Code Sec. 15.01 and Sec. 30.02, this contention is without merit.

Next, appellant contends the evidence was insufficient to show any entry, as that term is defined in V.T.C.A. Penal Code Sec. 30.02(b) and which is an element of the offense of burglary under V.T.C.A. Penal Code Sec. 30.02(a)(1).

The record in the instant case reflects that two police officers were summoned to the building allegedly burglarized following the sounding of a silent alarm. When they arrived, they saw appellant kneeling outside a glass door. When he saw the officers, he said, "Oh, no!" and fled on foot, but was quickly apprehended. He was wearing gloves and had a brown plastic garbage bag. No property was missing from within the building and there was no direct evidence that appellant or any physical object connected with his body had intruded within the building. Instead, there was only the circumstantial evidence that a corner of the glass door had been broken and pieces of broken glass lay both inside and outside the building.

We need not address the issue of the sufficiency of the circumstantial evidence in this proceeding to support the trial court's finding that appellant had committed burglary, for even if the evidence were held to be sufficient, the trial court would nevertheless have abused its discretion in so finding. The reason is that the only offense alleged in the State's motion to revoke was *attempted* burglary, as appellant points out in his final contention.

■ Probation may not be revoked upon a finding of any violation of the law other than that alleged or necessarily included within the allegations of that alleged

in the motion to revoke. *Franks v. State,* Tex.Cr.App., 516 S.W.2d 185; *Ford v. State,* Tex.Cr.App., 488 S.W.2d 793.

Obviously, burglary is not a lesser included offense of attempted burglary. Hence, the trial court should not have revoked appellant's probation for a statutory violation not alleged in the State's motion to revoke.[1]

■ The question remains whether the evidence was sufficient to support a finding of attempted burglary. V.T.C.A. Penal Code Sec. 15.01(a)(b) provides:

"(a) A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.

"(b) It is no defense to prosecution for criminal attempt that the offense attempted was actually committed."

The breaking of the glass in the door of the building would clearly be sufficient to show such an act. Hence, the greater weight of the evidence must establish that appellant broke the glass and that he did not merely come upon the damaged door after it had been broken by someone else. See *Scamardo v. State,* Tex.Cr.App., 517 S.W.2d 293. The key circumstance establishing appellant's guilt in this respect is the sounding of the silent alarm and the subsequent dispatching of police officers to the scene, the record reflects, within a very few minutes after the alarm was sounded. The testimony at the hearing established that the alarm could only have been triggered by the breaking of the window. The evidence recited was sufficient to support a finding of attempted burglary.

Accordingly, pursuant to our authority under Art. 44.24(b), V.A.C.C.P., the judgment is reformed to state that appellant's probation was revoked upon a finding that he had committed the offense of attempted

---

1. In the event the State desired that appellant's probation be revoked for commission of burglary, the proper procedure, including amendment of the motion to revoke, and, if necessary, granting of a continuance, is discussed in *Franks v. State,* Tex.Cr.App., 516 S.W.2d 185, 188, n. 3.

burglary. See *Hancock v. State*, Tex.Cr. App., 491 S.W.2d 139.

The judgment in No. 52,631 is reversed and the prosecution is ordered dismissed.

The judgment in No. 52,632 is reformed as stated and, as reformed, is affirmed.

DOUGLAS, J., dissents for the reasons stated in his opinion in *Ex parte Banks*, Tex.Cr.App., 542 S.W.2d 183 (1976).