Kenneth Wayne SLATER, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–82–0047–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 16, 1982.

Discretionary Review Refused
April 13, 1983.

Janet Morrow, Houston, for appellant.

Sidney Crowley, Houston, for appellee.

Before WARREN, DOYLE and PRICE, JJ.

## OPINION

PRICE, Justice.

This is an appeal from an order revoking probation. Punishment imposed was 10 years confinement.

In a trial before the court upon a plea of not guilty, appellant was convicted of voluntary manslaughter on June 19, 1981. Punishment was assessed at ten years. The imposition of sentence was suspended and appellant was placed on probation subject to certain conditions, among which was the requirement that he "commit no offense against the laws of this or any other state or the United States."

On November 5, 1981, the State filed a motion to revoke probation alleging that appellant had violated the above stated condition. This motion was amended on November 25, 1981, and heard by the court on December 9, 1981. At the conclusion of the hearing, the court made an oral finding that the appellant violated the terms of his probation in the following manner:

"... (1) Kenneth Wayne Slater, on or about October 23, 1981 in Harris County, Texas did then and there unlawfully, intentionally, and knowingly cause bodily injury to Tom Joe Leared, ... by hitting him with a crowbar."

"... (2) Kenneth Wayne Slater, did on or about October 23, 1981 in Harris County, Texas unlawfully, intentionally, and knowingly carry on or about your person a handgun."

Appellant maintains that his probation was erroneously revoked. He argues that the trial court based one of its findings upon the commission of an aggravated assault which was an offense not alleged in the State's motion to revoke, and that the allegations of assault in the motion to revoke are not supported sufficiently by the evidence to justify such a finding by the trial court. Appellant points out that the court's signed order revoking probation, as well as his docket sheet, reflect that the appellant committed the offense of aggravated assault, while the allegations in the motion to revoke allege only a misdemeanor assault charging the appellant with causing bodily injury to the complainant by using a crowbar. The motion does not allege the use of a deadly weapon.

Probation may not be revoked upon a finding of any violation of the law other than that alleged or necessarily included within the allegations in the motion to revoke. *Pickett v. State,* 542 S.W.2d 868 (Tex.Cr.App.1976).

Obviously, aggravated assault is not a lesser included offense of misdemeanor assault. Consequently, the trial court cannot revoke appellant's probation for the statutory violation of aggravated assault, which was not alleged or included in the State's motion to revoke.

The question we must now consider is whether the evidence was sufficient to support a finding of misdemeanor assault. V.T.C.A. Penal Code Sec. 22.01(a)(1) provides:

"(a) A person commits an offense if he: (1) intentionally, knowingly, or recklessly causes bodily injury to another, including his spouse."

The record reflects that this was an altercation that began when two vehicles almost collided on a street in Harris County. The complainant, Tom Joe Leared, was driving a pick-up truck and the appellant was a passenger in a garbage truck.

Upon stopping at an intersection, the complainant left his vehicle, walked back to the garbage truck, stepped up onto its running board and started exchanging verbal obscenities with the driver of the garbage truck. During this heated conversation, Leared observed the appellant pull a pistol

from the side of the truck and point it at him. Leared and the driver began scuffling through the window when the appellant got out of the truck and struck Leared with a long metal object "which could have been a crowbar." Leared testified that the weapon was a long thin metal object that was either a metal pipe or "possibly" a crowbar. He further testified that appellant hit him several more times, on the arm, shoulders and ribs. He said that he retreated to his truck not fighting, but only defending himself, as both the appellant and the driver continued to beat him.

Leared described his injuries as a small split in an elbow bone and bruises on his ribs, the backs of his legs and hands.

Craig Mueller testified that when he came upon the scene, he saw two black men beating a white man with what appeared to be "pipes, crowbars, similar instruments." He stated that he did not see a weapon in appellant's hands; that appellant was hitting the complainant with his fist. During cross examination, he testified that he believes that the appellant was holding a "small tool or a pipe" but did not see appellant hit Leared with it. He described the appellant as holding Leared so that the other person could hit him. His testimony further reflected that when the black men went back and got into their truck, he observed the appellant with a large revolver in his hands that caused the crowd to back away until the police arrived.

Dorothy Holmquist testified that she did not witness the start of the incident, but did observe the two men get out of the trash truck and they "went after" the white man and beat him up near his truck. Each of the two black men had something in their hands but she could not identify the object in appellant's hands.

Bristol Johnson testified that he saw the appellant hit the complainant with a stick or something, and a fight ensued. He observed the driver of the garbage truck with "something similar to a club," in his hands, but nothing in Leared's hands.

Alvin Foley, Jr., the driver of the garbage truck, gave his version of the incident.

He described how he hit Leared with a crowbar. He did not know if appellant had any weapon; he never saw appellant hit complainant with any weapon or object. He further testified that he carried a 357 Magnum pistol in his truck at all times, but the appellant never handled it.

The appellant testified that when the complainant grabbed Foley, he ran to the side of the truck and struck him with a beer tap. He said he dropped the tap and started fighting with his fists, and after Foley hit Leared with the crowbar, he went back to his truck. He denied ever handling the pistol.

Appellant presents a two pronged argument that the evidence is insufficient to support the trial court's oral findings. He alleges that the evidence is insufficient to establish that appellant committed an assault with a crowbar and that the evidence is insufficient to prove that appellant is guilty as a party, because any assault was justified on the grounds of self defense or defense of a third party.

The trial judge, in pronouncing his findings regarding the assault, made no mention of whether they were based on the appellant's actions as a primary offender or as a party.

■ At a hearing to revoke probation, the trial judge is the sole judge of the credibility of the witnesses and of the weight to be given their testimony. His obligation is to resolve conflicts in the testimony applying the preponderance of the evidence standard. Our obligation, on appeal, is to analyze the evidence in a manner that most favorably supports the trial court's findings.

The testimony will support a finding that the complainant received bodily injury as the result of an assault, that a crowbar was used and that both the appellant and Foley participated in the beating.

■ In considering self defense and defense of a third person, verbal provocation alone is insufficient as justification for using force against another. Such justifica-

tion must be predicated on a reasonable belief that force is immediately necessary to protect oneself against another's use or attempted use of unlawful force. V.T.C.A. Penal Code Sec. 9.31 and Sec. 9.33.

In disregarding the defensive issues, the trial court obviously considered testimony indicating the overreaching advantage the appellant and Foley had over the complainant because of the weapons used, and the severity of the beating the complainant received while he was retreating in a defensive posture. The appellant cannot complain when the evidence created a fact issue that the trier of fact resolved adversely to him. The evidence was sufficient to support the trial court's oral finding that the appellant caused bodily injury to the complainant using a crowbar.

Accordingly, pursuant to our authority under Art. 44.24(b), V.A.C.C.P., the judgment is reformed to state that appellant's probation was revoked upon a finding that he had committed the offense of misdemeanor assault. *Pickett v. State,* supra.

■ The appellant next contends that the evidence was insufficient to support the court's finding that he intentionally or knowingly carried a handgun on or about his person. He seems to be arguing that the evidence may show a momentary possession or access to control of the weapon but that such showing is insufficient to support a finding of carrying on and about one's person. We disagree. The complainant and the witness Mueller both testified that they observed the appellant, while in the truck, take a pistol and point it at the complainant, and then later witnessed the police retrieve the weapon from the truck. The evidence justified the trial court's finding that the appellant carried the pistol on or about his person.

■ Appellant's last ground of error alleges that he was denied his sixth amendment right to conflict-free counsel when his trial attorney called Alvin Foley, Jr., as a witness.

The record reflects that trial counsel for appellant, at the motion hearing, was also the attorney representing the witness Foley in an action arising out of the same incident. Appellant's attorney complains, on appeal, that the record is silent as to whether trial counsel advised appellant of a possible conflict and the risks involved in calling Foley as a witness. The argument presented to this court in appellant's brief is that a defense counsel who had not represented both clients might well have advised Foley not to testify or appellant not to call him. Instead, Foley's testimony, while it supported appellant's testimony in some respects, established that he had hit complainant with a crowbar and left open the possibility of appellant's being convicted as a party. Without such evidence, the State failed to prove that either person used a crowbar in the incident. Further, Foley testified that appellant did not own the gun or use it; however, he did testify that it was in plain view, easily accessible, and that appellant knew about it.

This court is urged, on appeal, to hold the appeal in abeyance so that a hearing can be held to determine if an actual conflict existed for not advising appellant of the possible conflict.

■ We agree that trial counsel has the duty to advise multiple clients of possible conflicts of interest in their positions. However, in order to establish ineffective assistance of counsel, one must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. *Gonzales v. State,* 605 S.W.2d 278 (Tex.Cr.App. 1980). Such a conflict of interest, of the degree requiring reversal, exists when "one defendant stands to gain significantly by counsel advancing probative evidence or advancing plausible arguments that are damaging to the cause of a co-defendant whom counsel is also representing." *Ex parte Alaniz,* 583 S.W.2d 380 (Tex.Cr.App.1979) *Foxworth v. Wainwright,* 516 F.2d 1072 (5th Cir.1975).

Judging the case by this standard, appellant gained and Foley was harmed by Foley's testimony. Foley's testimony was an effort to minimize appellant's involvement in the incident, but at the same time it

exposed his own culpability. Trial counsel's efforts in calling Foley as a witness was a trial strategy to lend credibility to appellant's testimony regarding the gun and Foley's use of the crowbar. Had Foley been represented by another, trial counsel's efforts to secure his testimony would have been more difficult. Without his testimony, the trial court would have had less of a conflict to resolve.

We hold that the record does not demonstrate that appellant suffered any prejudice as a result of trial counsel's dual representation. Therefore appellant's request to hold this matter in abeyance is overruled, and the trial court's judgment is affirmed.