**Derrick Eugene EVANS, Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 2–86–075–CR, 2–86–076–CR.**

Court of Appeals of Texas, Fort Worth.

April 15, 1987.

Paddock, Loveless & Roach, Charles H. Roach, Fort Worth, for appellant.

Tim Curry, C. Chris Marshall, David L. Richards, Michael Jergins and Greg Pipes, Fort Worth, for the State.

Before FENDER, C.J., and BURDOCK and HILL, JJ.

## OPINION

FENDER, Chief Justice.

Derrick Eugene Evans appeals the trial court's order revoking the probationary sentences he received after pleading guilty to charges of unauthorized use of a motor vehicle and burglary. *See* TEX.PENAL CODE ANN. secs. 31.07, 30.02 (Vernon 1974). Appellant claims that the evidence is insufficient to support the court's finding that he committed aggravated kidnapping as alleged in the State's petition to revoke. *See* TEX.PENAL CODE ANN. sec. 20.04 (Vernon 1974). Appellant also urges that the trial court erred in revoking his probation on the basis of a finding that he was a party to the offense alleged when the State's petition did not allege his participation as a party.

We affirm.

Appellant was given probated three-year and eight-year sentences, respectively, after pleading guilty to charges of unauthorized use of a motor vehicle and burglary. As a condition of probation, appellant was ordered to commit no offense against the laws of this State, any other State, or the United States.

The State filed revocation petitions in each cause above alleging that appellant violated the terms of his probation when he "did then and there intentionally abduct [A__ W__] by using and threatening to use deadly force on [A__ W__] and with intent to prevent the liberation of the said [A__ W__] and with intent to abuse [A__ W__] sexually...." An amended petition was filed in the burglary cause to include a similar allegation perpetrated against T__ A__. The trial court took evidence at one hearing on the petitions in both causes and found that appellant clearly acted as a party to both acts of aggravated kidnapping. Appellant's probation in each cause, therefore, was revoked and appellant was sentenced to three and eight years' confinement, to run concurrently.

We will first address appellant's second point of error. Appellant contends that the trial court abused its discretion by revoking probation upon a finding of a violation not alleged in the State's motion to revoke probation. *See Pickett v. State,* 542 S.W.2d 868, 870 (Tex.Crim.App.1976); *Slater v. State,* 646 S.W.2d 528, 529 (Tex.App.–Houston [1st Dist.] 1982, pet. ref'd). Specifically, appellant complains that his participation in the aggravated kidnapping as a party was not alleged in the State's motion. Such a finding, he therefore argues, cannot be the basis for an order to revoke probation. Appellant also complains that the evidence is insufficient to show he was criminally responsible as a party to the offense.

 The Texas Court of Criminal Appeals has held that a person can be convicted as a party to an offense even though his participation as a party is not alleged in the indictment. *See Pitts v. State,* 569 S.W.2d 898, 900 (Tex.Crim.App.1978) (en banc);

*Stein v. State,* 689 S.W.2d 932, 934–35 (Tex.App.—Dallas 1985, pet. ref'd). Since the allegations in a motion to revoke probation need not meet the particulars of an indictment, information, or complaint, *see Mitchell v. State,* 608 S.W.2d 226, 228 (Tex. Crim.App.1980), it follows that appellant's probation may be revoked on the ground that he was a party to the offense even though such an allegation was not included in the motion to revoke. Appellant's contention of insufficient evidence is addressed in conjunction with his first point of error which follows.

In his first point of error, appellant challenges the sufficiency of the evidence to support the trial court's finding that appellant and three other persons intentionally forced A__ and W__ into a car by threat of deadly force, with the intent to prevent their liberation and with intent to sexually abuse them. Appellant argues that the State failed to prove the requisite intent or knowledge since the State's own witness, A__, stated that she felt appellant was forced to act as he did by another of the men. This testimony is corroborated, he continues, by another State witness, Sammy Moultry, who testified that appellant remained seated with a third woman in the living room while the other three men took A__ and W__ to the back rooms where at least W__ was assaulted. Appellant also argues that knowledge was not shown by a preponderance of the evidence because it would have been reasonable for him to assume that A__ and W__ were voluntarily present since a third woman was there voluntarily and the girls had several opportunities to get away but did not. Appellant concludes that the trial court abused its discretion by revoking probation solely on the basis of likelihood or a strong suspicion of guilt. *See Battle v. State,* 571 S.W.2d 20, 22 (Tex.Crim.App.1978).

 In a probation revocation hearing, the measure of the sufficiency of the evidence is by a preponderance of the evidence. *Anderson v. State,* 621 S.W.2d 805, 808 (Tex.Crim.App.1981). Review of a probation revocation order is limited to the question of whether the trial court abused

its discretion. *See Barnett v. State*, 615 S.W.2d 220, 222 (Tex.Crim.App.), *appeal dism'd*, 454 U.S. 806, 102 S.Ct. 79, 70 L.Ed.2d 75 (1981). While a court abuses its discretion by revoking probation when the evidence is insufficient to support the State's allegations, *see Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App.1984), the evidence is sufficient when the greater weight of credible evidence before the court creates a reasonable belief that a condition of probation has been violated. *See Goode v. State*, 685 S.W.2d 789, 790 (Tex.App.—Fort Worth 1985, no pet.); *Pettit v. State*, 662 S.W.2d 427, 429 (Tex.App. —Corpus Christi 1983, pet. ref'd). The trial court is the sole trier of the facts, the credibility of the witnesses, and the weight to be given the testimony. *See Grant v. State*, 566 S.W.2d 954, 956 (Tex.Crim.App. 1978); *McFarlin v. State*, 661 S.W.2d 201, 203 (Tex.App.—Houston [1st Dist.] 1983, no pet.).

The record reflects that A— and W— were waiting outside a Fort Worth night club when a car driven by appellant and occupied by three other men pulled up beside them. The testimony is conflicting as to how many of the men jumped from the car, grabbed the two girls and forced them into the car. A— testified that appellant grabbed W— and pulled her into the car. Two of the men, Terry and H.T. or Harry, displayed guns. Both girls testified they would not have entered the car had the guns not been used, and stated they were afraid the men might injure or kill them.

Appellant drove the three men, two girls, and a third woman, who was apparently present of her own volition, towards Arlington. Although A— felt appellant was taking orders from Terry, W— stated that appellant knew where to drive and that no one threatened him to make him do so.

W— recalled that on the way to Arlington appellant stopped at a gas station. While there, A— saw a friend and ran over to her. She came back to the car to tell W— she was going home with her friend and would call the police. Terry grabbed her, however, hit her, and pushed her back

in the car. A— had no recollection of the incident.

Appellant also made stops so that cocaine could be bought and so that Terry and H.T. could find someone to rob. At one point, Terry and H.T. were gone for fifteen to twenty minutes. During that time appellant did not indicate to the girls that they were free to go.

Appellant finally stopped at Sammy Moultry's house. Upon exiting the car, W— attempted to escape by running down the street. She stopped and indicated to A— to follow her. As appellant stood by watching, the other men caught the girls, beat A—, and forced them both into the house. A— was put in the bathroom while W— was taken to a bedroom.

A— testified that Terry threatened to burn her with a heated coat hanger if she did not submit to his demands for sexual intercourse. She refused and he left but she heard her friend's screams and watched from behind the door as two men held W— down while appellant attempted to rape her.

W— testified that she was raped by two of the other men before appellant attempted to do so. W— stated that appellant was undressed and tried to rape her but gave up after she put up a fight.

Sammy Moultry testified that appellant remained in the living room with the third woman except for the three or four times he went into the bedroom. After almost an hour, appellant took the third woman home but returned to pick up the others. In the meantime, Moultry freed A—. She notified the police. When Moultry told the others that the police had arrived, they, including appellant, fled out the bedroom window. Appellant was arrested when he returned for his car.

■ According to the Texas Penal Code, a person commits aggravated kidnapping if he intentionally or knowingly abducts another person with the intent to inflict bodily injury on him or violate or abuse him sexually. TEX.PENAL CODE ANN. sec. 20.04. A person abducts another when he restricts that person's movements without his con-

sent and with the intent to prevent his liberation by using or threatening to use deadly force. TEX.PENAL CODE ANN. sec. 20.01 (Vernon 1974). We hold that the evidence in this case was sufficient to show by a preponderance of the evidence that appellant intentionally and knowingly participated in the aggravated kidnapping of the two girls. Appellant's first and second points of error are overruled.

The judgment in each cause is affirmed.