NO. 12-01-00173-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


COREY CHRISTOPHER WALKER,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW


THE STATE OF TEXAS,

APPELLEE
§
 HENDERSON COUNTY, TEXAS

 

PER CURIAM


 Appellant Corey Christopher Walker appeals the trial court's judgment revoking his
probation and sentencing him to 365 days in jail for criminal trespass. In two issues, Appellant
contends that the trial court abused its discretion by revoking his probation. We modify the
judgment and, as modified, affirm.


Background

 On January 3, 2001, Appellant pleaded guilty to criminal trespass, a Class "A" misdemeanor,
pursuant to a plea agreement. See Tex. Pen. Code Ann. § 30.05 (Vernon Supp. 2002). The trial
court assessed punishment at incarceration in the county jail for 365 days, probated for twelve
months, and a fine of $100.00. Among the conditions of Appellant's probation was that he commit
no offense against the laws of the State of Texas, any other state, or the United States during the term
of his probation.

 In March 2001, the State filed a motion to revoke Appellant's probation alleging that
Appellant had violated the conditions of his probation by committing the offense of aggravated
assault on March 16, 2001. 

 On May 30, 2001, the trial court held a hearing on the State's motion to revoke. Former
Brownsboro Police Officer Greg Hill testified that on March 16, 2001, at approximately ten o'clock
p.m., he was dispatched to a house in Brownsboro on a "welfare concern." Officer Hill explained
that someone had called the police department because they were concerned about the welfare of
Appellant's wife, Christie Walker ("Christie"), and he went to investigate, arriving at the house four
minutes after he was dispatched. 

 Officer Hill testified that when he knocked on the front door, there was no response, but he
could see through a window adjacent to the door that Appellant was inside. The officer asked
Appellant to open the door, and Appellant complied. Officer Hill explained to Appellant that he was
there to "make sure Christie was okay." 

 Officer Hill could see Christie lying on a bed, apparently near unconsciousness. When he
approached Christie, the officer could see that her eye was swollen shut, and her cheek was swollen. 
Christie's lip was swollen and cut "real bad," and she had bruises all over her body. Officer Hill
asked Christie what had happened, and she responded that Appellant had hit her. Officer Hill called
an ambulance for Christie and kept talking to her in an effort to keep her from "pass[ing] out" until
the ambulance arrived. Officer Hill then arrested Appellant for aggravated assault. 

 The trial court found the allegation that Appellant had violated the conditions of his probation
by committing the offense of aggravated assault to be true. The trial court revoked Appellant's
probation and sentenced him to 365 days in jail. This appeal followed.


Standard or Review


 We review a court's decision to revoke an order of community supervision under the abuse
of discretion standard. Cardona v. State, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984). An
abuse of discretion occurs "only when the trial judge's decision was so clearly wrong as to lie outside
that zone within which reasonable persons might disagree." Cantu v. State, 842 S.W.2d 667, 682
(Tex. Crim. App. 1992). 

 The State's burden of proof in a revocation proceeding is by a preponderance of the evidence.
Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The preponderance of the evidence
standard is met when the greater weight of the credible evidence before the trial court creates a
reasonable belief that a condition of probation has been violated. Johnson v. State, 943 S.W.2d 83,
85 (Tex. App.-Houston [1st Dist.] 1997, no pet.). When the State fails to meet its burden, the trial
court abuses its discretion in issuing a revocation order. Cardona, 665 S.W.2d at 493. 

 In determining the sufficiency of the evidence to sustain a probation revocation, we view the
evidence in the light most favorable to the trial court's ruling. Jones v. State, 589 S.W.2d 419, 421
(Tex. Crim. App. [Panel Op.] 1979). The order revoking probation shall be affirmed if the proof of
any one allegation is sufficient. See Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel
Op.] 1980). The trial court is the sole judge of the credibility of the witnesses and the weight to be
given their testimony. Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981).


Hearsay Testimony

 In his first issue, Appellant contends that the trial court abused its discretion by revoking his
probation where the only evidence offered of his identity as the perpetrator of the aggravated assault
was inadmissible hearsay testimony.

 Hearsay is a statement, other than one made by the declarant while testifying at the hearing,
offered in evidence to prove the truth of the matter asserted. Tex. R. Evid. 801(d). The trial court
determines the admissibility of hearsay evidence, and its decision is reviewable only under an abuse
of discretion standard. Coffin v. State, 885 S.W.2d 140, 149 (Tex. Crim. App. 1994). There are
several exceptions to the hearsay rule. The excited utterance exception to the hearsay rule permits
a statement relating to a startling event or condition made while the declarant was under the stress
of excitement caused by the event or condition to be admitted into evidence. Tex. R. Evid. 803(2). 
The availability of the declarant at trial is immaterial. Id. 

 While the period of time that lapsed between the occurrence of the startling event and the
making of the statement is a factor in determining whether a statement is an excited utterance, the
pivotal inquiry is whether the declarant was still dominated by the emotions, excitement, fear, or pain
of the event. King v. State, 953 S.W.2d 266, 269 (Tex. Crim. App. 1997). Therefore, if the
statements were made while the declarant was in the grip of the emotion, excitement, fear, or pain
of the event, and those statements relate to the exciting event, they are admissible even if appreciable
time has elapsed between the exciting event and the making of the statement. See id. The fact that
the declaration was in response to questions is likewise only one factor for consideration and does
not alone render the statement inadmissible. Salazar v. State, 38 S.W.3d 141, 154 (Tex. Crim. App.
2001).

 The only evidence presented that Appellant assaulted Christie was the testimony of Officer
Hill. Over Appellant's hearsay objection, the trial court allowed the testimony under the excited
utterance exception to the hearsay rule. Officer Hill testified that when he saw that Christie was
injured he asked her, "Christie, can you tell me what happened? Did Corey do this to you?" Christie
replied, "Yes." The officer testified that Christie also told him that Appellant had hit her in the face. 

 Though the record reveals that Officer Hill arrived at the location within four minutes of
being dispatched, it is not clear from the record when the assault occurred. However, Officer Hill
testified that when Christie made the statements incriminating Appellant, she was lying in bed, near
unconsciousness. The trial court could have reasonably concluded that at the time Christie made
the incriminating statements she was still "dominated by the emotions, excitement, fear, or pain of
the event." See King, 953 S.W.2d at 269. Therefore, we hold that the trial court did not abuse its
discretion by admitting the hearsay statements under the excited utterance exception. 

 Appellant's first issue is overruled. 


Serious Bodily Injury

 In his second issue, Appellant contends the trial court abused its discretion by revoking his
probation because the evidence was insufficient to prove serious bodily injury.

 A person commits the offense of assault when he intentionally, knowingly, or recklessly
causes bodily injury to another. Tex. Pen. Code Ann. § 22.01(a)(1) (Vernon Supp. 2002). A person
commits the offense of aggravated assault when he commits assault and causes serious bodily injury
to another. Tex. Pen. Code Ann. § 22.02(a) (Vernon 1994). "Serious bodily injury" means bodily
injury that creates a substantial risk of death or that causes death, serious permanent disfigurement,
or protracted loss or impairment of the function of any bodily member or organ. Tex. Pen. Code
Ann. § 1.07(a)(46) (Vernon 1994). "Bodily injury, " on the other hand, means physical pain, illness,
or any impairment of physical condition. Tex. Pen. Code Ann. § 1.07(a)(8) (Vernon1994).

 Because the penal code provides a different definition for "bodily injury" and "serious bodily
injury," though often only a matter of degree, an appellate court must presume that the Legislature
intended that there be a meaningful difference or distinction between "bodily injury" and "serious
bodily injury." Moore v. State, 739 S.W.2d 347, 349 (Tex. Crim. App. 1987). This means that
where the issue is raised, it must be determined on an ad hoc basis. Id. The appellate court must
evaluate each case on its facts to determine whether the injury was such as to allow a fact finder to
determine that it met the definition of "serious bodily injury." See id. 

 There is no evidence in the record other than Officer Hill's testimony regarding Christie's
injuries or the severity thereof. The officer testified that Christie was near unconsciousness, that 
her eye was swollen shut, and that her cheek was swollen. Officer Hill recounted that Christie's lip
was swollen and cut, and she had bruises all over her body. Of course, expert medical testimony is
not indispensable to prove serious bodily injury where the injury and its effects are obvious. Carter
v. State, 678 S.W.2d 155, 157 (Tex. App.-Beaumont 1984, no pet.) However, even viewing the
evidence in the light most favorable to the trial court's findings, the severity of Christie's injuries
is not apparent from the record before us. There is no evidence of any continuing effects of
Christie's injuries nor any permanent disfigurement. The lack of any such evidence precludes a
rational finding that Christie's injury created "serious permanent disfigurement, or protracted loss
or impairment of the function of any bodily member or organ." See Webb v. State, 801 S.W.2d 529,
532 (Tex. Crim. App. 1990). Furthermore, there is no evidence that Christie's injuries created a
substantial risk of death. The State argues that Officer Hill was trained to recognize the severity of
a head injury, and the fact that the officer called an ambulance establishes that Christie's injuries
were severe. However, there is no evidence in the record to support the State's argument. There are
no wounds that are per se "serious bodily injury." See Moore, 739 S.W.2d at 352. In order for the
State to establish that the bodily injury suffered by the victim was in fact a serious bodily injury, the
prosecution must present relevant and probative evidence from which a rational trier of fact could
infer that the bodily injury the victim sustained created a substantial risk of death from the injury
itself, and not from some hypothetical or mere possibility that the bodily injury created a substantial
risk of death. See Moore, 739 S.W.2d at 352. We hold that the State did not prove by a
preponderance of the evidence that Christie's injuries rose to the level of serious bodily injury. 

 It is well settled that probation may not be revoked upon a finding of any violation of the law
other than that alleged or necessarily included within the allegations in the motion to revoke. See
Caddell v. State, 605 S.W.2d 275, 277 (Tex. Crim. App. [Panel Op.] 1980); Pickett v. State, 542
S.W.2d 868, 870 (Tex. Crim. App. 1976). If the proof supports a lesser included offense, but the
trial judge erroneously finds that the proof supports the alleged greater offense, the remedy is to
reform the judgment to show the lesser included offense was committed and then affirm the
judgment. See Pickett, 542 S.W.2d at 870-71 (finding of burglary reformed to show attempted
burglary, and order of revocation upheld); Greer v. State, 783 S.W.2d 222, 224 (Tex. App.-Dallas,
1989, no pet.)(finding of delivery of a controlled substance reformed to show possession of a
controlled substance, and order of revocation affirmed). 

 Assault is a lesser included offense of aggravated assault. Ferrel v. State, 55 S.W.3d 586,
589 (Tex. Crim. App. 2001). The evidence, in the light most favorable to the trial court's ruling,
showed that after Appellant hit Christie in the face, Christie was near unconsciousness, her eye was
swollen shut, her cheek was swollen, her lip was swollen and cut, and she had bruises all over her
body. A rational trier of fact could have found by a preponderance of the evidence that Appellant
committed assault. Tex. Pen. Code Ann. § 22.01 (a)(1). Therefore, we hold that the trial court did
not abuse its discretion by revoking Appellant's probation. 

 Appellant's second issue is overruled, and the judgment is modified to show that Appellant's
probation was revoked upon a finding that he had committed the offense of assault. Tex. R. App.
P. 43.2(b).

 The judgment of the trial court, as modified, is affirmed.



Opinion delivered February 28, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.







(DO NOT PUBLISH)