**Affirmed as Reformed and Memorandum Opinion filed July 9, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00350-CR

**DAWN PATRICE MOORE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1294531**

## M E M O R A N D U M   O P I N I O N

Appellant Dawn Patrice Moore appeals from the trial court's revocation of her deferred adjudication community supervision. In four issues, appellant contends that (1) the evidence is insufficient to support the trial court's revocation of her community supervision; (2) her counsel rendered ineffective assistance of counsel; (3) her sentence constitutes cruel and unusual punishment; and (4) this court should reform the judgment to correctly reflect her plea and delete the $500 fine. We reform the trial court's judgment and affirm the judgment as reformed.

BACKGROUND

In 2011, appellant was indicted for the felony offense of possession with intent to deliver a controlled substance. *See* Tex. Health & Safety Code § 481.114(a). Appellant pleaded guilty to the reduced charge of possession of a controlled substance, namely, codeine in an amount of 200 grams or more, but less than 400 grams. *See id*. § 481.118(a), (d). The trial court deferred adjudicating appellant's guilt and placed her on community supervision for three years.

On January 16, 2014, the State filed a motion to adjudicate guilt, alleging six violations of the terms and conditions of her community supervision. The State alleged that appellant (1) committed a criminal offense;[1] (2) failed to report to her community supervision officer; (3) failed to complete 180 hours of community service; (4) failed to pay a supervision fee; (5) failed to pay a fine and court costs; and (6) failed to pay a laboratory processing fee. The trial court held a hearing and appellant waived arraignment on the State's motion to adjudicate.[2]

Adelina Rodriguez, appellant's probation officer, testified that appellant was required to report to her monthly but failed to report once in March 2013. During Rodriguez's testimony, appellant's counsel stipulated to the failure to report. Rodriguez also stated that appellant had only completed 70 hours of community service, and should have completed all 180 hours by the time of the hearing.

---

[1] The State's motion to adjudicate alleges that appellant violated her community supervision by:

> Committing an offense against the State of Texas, to-wit; on or about, OCTOBER 20, 2013, in HARRIS County, Texas, the Defendant did then and there unlawfully, appropriate, by acquiring and otherwise exercising control over property, namely, FOUR PAIRS OF EARRINGS, owned by ELIZABETH CHANEY, hereafter styled the Complainant, of the value of over one thousand five hundred dollars and under twenty thousand dollars, with the intent to deprive the Complainant of the property.

[2] Although the judgment reflects that appellant pleaded "true" to the motion to adjudicate, appellant did not enter a plea at the hearing.

Rodriguez stated that she received notice in January 2014 that appellant may have violated her community supervision by committing theft.

Officer Clinton Edwards testified that in January 2014, he began investigating appellant for theft of several pieces of jewelry that appellant's mother had reported missing. Officer Edwards found pawn receipts in appellant's name and saw that the jewelry pawned by appellant matched the jewelry her mother reported missing to the police. Defense counsel stipulated that appellant pawned the jewelry. Officer Edwards testified that before going to the pawnshop, he asked appellant whether she knew anything about the missing jewelry and she stated that "she didn't know anything about it."

Appellant's mother, Elizabeth Chaney, testified that she was out of the country for work and came home in December to find that her jewelry was missing. She stated that the jewelry was worth approximately $83,600. Chaney spoke to the appellant, who admitted that she took the jewelry but told her it was gone and that she sold it for $6,000. Chaney stated that she never gave appellant permission to take her jewelry or to pawn those items. Chaney filed a police report in January.

Appellant testified that her mother gave her permission to pawn the jewelry because she was having a difficult time taking care of her daughter, sister, and brother while her mother was out of the country. Appellant stated that she and her mother discussed the situation on December 23 and they worked out an agreement in which appellant would pay her mother back. Appellant admitted to missing one probation meeting and admitted to being behind on her community service hours.

The trial court found three of the State's alleged violations true, revoked appellant's community supervision, and assessed punishment at four years in prison.

In four issues, appellant contends that (1) the evidence is insufficient to support the trial court's revocation of her community supervision; (2) her counsel rendered ineffective assistance of counsel during the hearing on the motion to adjudicate; (3) her four-year sentence was a form of cruel and unusual punishment; and (4) the court should reform the judgment to correctly reflect appellant's plea and delete the $500 fine.

## I.    Sufficiency of the Evidence

In her first issue, appellant asserts that the evidence is insufficient to support the trial court's revocation of her community supervision because (1) appellant testified that she had her mother's permission to pawn the jewelry; (2) she did not recall missing a reporting date with her probation officer; and (3) she performed at least seventy hours of community service.

We review a trial court's decision to revoke community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). A preponderance of the evidence means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Rickels*, 202 S.W.3d at 763−64. The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). We examine the evidence in the light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking the

community supervision. *Id*. at 493−94.

When a trial court finds several violations of community supervision conditions, we will affirm if the proof of any single allegation is sufficient. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012). Thus, to prevail on appeal, a defendant must successfully challenge all of the findings that support the trial court's revocation order. *See id*.

Appellant argues that the evidence is insufficient to show she committed a criminal offense because she had her mother's permission to pawn the jewelry and she had an agreement with her mother to pay her back. Appellant also points to one witness's testimony that appellant's mother's reputation for honesty was bad. Although appellant testified that she had her mother's permission to pawn the jewelry, her mother, Elizabeth, stated that she did not give appellant permission. Officer Edwards investigated the theft by speaking with Elizabeth and confirmed that appellant pawned the jewelry and appellant initially denied knowing anything about it.

As the factfinder of the revocation hearing, the trial court was the sole judge of each witness's credibility and the weight to be given to his or her testimony; as such the court was free to believe or disbelieve all or part of any witness's testimony in resolving conflicts in the evidence. *See Slater v. State*, 646 S.W.2d 528, 530 (Tex. App.—Houston [1st Dist.] 1982, pet. ref'd). The trial court could have reasonably believed Elizabeth and the police officer over appellant and the other witnesses.

Further, appellant's probation officer testified that appellant missed one reporting date in March of 2013. Appellant stated that she could not recall missing a reporting date but also did not deny it. When the prosecutor asked appellant about missing a reporting date, she agreed that she missed a date. Further,

appellant's counsel stipulated to the fact that she missed her reporting date in March. Generally, the appellant's failure to report is a sufficient basis for the trial court's decision to revoke appellant's community supervision. *See Greer v. State*, 999 S.W.2d 484, 489 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) (no abuse of discretion to revoke for failing to report for a single month).

Rodriguez also testified that appellant had only completed 70 out of the required 180 hours of community supervision. Appellant admitted that she was behind on her community service hours but claimed that it was because she did not have transportation and she was required to go far out of town.

Based on the evidence in the record and the required standard of review, we conclude that the trial court did not abuse its discretion for revoking appellant's deferred adjudication community supervision based on a finding that she committed a criminal offense, failed to report to her probation officer, and failed to complete her community service.

We overrule appellant's first issue.

## II.      Ineffective Assistance of Counsel

In her second issue, appellant contends that she received ineffective assistance of counsel during her hearing on the motion to adjudicate because her counsel (1) failed to have appellant plead "not true" to the State's allegations; (2) stipulated to the failure to report; (3) failed to adequately prepare appellant to testify; (4) failed to adequately prepare for the hearing; and (5) failed to object to the sentence as being cruel and unusual punishment.

We examine claims of ineffective assistance of counsel by applying the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009). Under *Strickland*, appellant must prove by a preponderance of the evidence that (1) counsel's performance fell

6

below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defense, resulting in an unreliable or fundamentally unfair outcome of the proceeding. *Id*.

When the record is silent as to trial counsel's strategy, we will not conclude that appellant received ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

Appellant first contends that counsel was ineffective because she failed to have appellant enter a plea of "not true" to the State's allegations. However, there is no requirement that a defendant on community supervision enter a plea to the allegations in the motion to adjudicate. *See Detrich v. State*, 545 S.W.2d 835, 837 (Tex. Crim. App. 1977) (holding that due process does not require a plea be entered in a motion to revoke community supervision hearing); *see also Anthony v. State*, 962 S.W.2d 242, 246 (Tex. App.—Fort Worth 1998, no pet.) ("[T]he Court of Criminal Appeals has held that due process does not even require appellant be given the right to enter a plea to an alleged community supervision violation."). Thus, counsel was not deficient in failing to have appellant enter a plea at the hearing.

Appellant asserts that counsel was ineffective by stipulating to the State's allegation that appellant failed to report to her probation officer. As recited above, sufficient proof of one violation is sufficient to support a revocation. Appellant admitted, and her probation officer confirmed, that she failed to complete the requisite hours of community service. Appellant also admitted that she failed to report to her probation officer on one occasion in March 2013. Thus, even if

counsel's performance was deficient, the outcome of the proceeding would have been the same.

Although appellant claims that counsel failed to properly prepare for the revocation hearing and failed to properly prepare her to testify, the record does not reflect what preparation, if any, counsel undertook before the revocation hearing. Without support in the record for appellant's assertions regarding lack of preparation, she cannot demonstrate ineffectiveness in this regard. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (providing that "[a]ny allegation of ineffectiveness must be firmly founded in the record").

Appellant also argues that counsel was ineffective based on counsel's failure to object that appellant's sentence was a form of cruel and unusual punishment. Before this court may conclude counsel was ineffective for failing to make an objection, appellant must show the trial court would have erred by overruling the objection. *See Vaughn v. State*, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996) (per curiam). Appellant cannot make this showing because her sentence lies within the punishment range, and therefore is not cruel and unusual. *See Jagaroo v. State*, 180 S.W.3d 793, 800 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). It is not ineffective assistance for counsel to forego making frivolous arguments and objections. *Id*. Thus, counsel was not deficient in failing to object to appellant's sentence.

We overrule appellant's second issue.

### III.    Cruel and Unusual Punishment

In her third issue, appellant argues that her sentence constitutes cruel and unusual punishment because it is grossly disproportionate to the crime when compared to the gravity of the offense and she could have been reinstated on probation instead of being sentenced to prison. Appellant concedes in her brief that

her counsel did not object to the sentence at the hearing and that failure to object prevents making any such claim on appeal. Appellant argues, however, that her sentence constitutes fundamental error that may be raised for the first time on appeal. *See* Tex. R. Evid. 103(e).

A defendant must make a timely, specific objection at trial to preserve error for review. Tex. R. App. P. 33.1(a). Generally, a party's failure to make a timely objection waives the error. *Collins v. State*, 378 S.W.3d 629, 631 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Even constitutional errors may be waived by failure to object at trial. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995).

Texas courts have established that failure to raise an Eighth Amendment cruel and unusual punishment claim at the trial level waives the claim on appeal. *See Saldano v. State*, 70 S.W.3d 873, 891 (Tex. Crim. App. 2002); *Arriaga v. State*, 335 S.W.3d 331, 334 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). Such claims have been held not to be so fundamental as to relieve the appellant of the necessity of a timely, specific objection at trial. *See Curry v. State*, 910 S.W.2d 490, 497−98 (Tex. Crim. App. 1995). Because appellant did not object to her sentence on cruel and unusual punishment grounds, appellant has failed to preserve error for review.

We overrule appellant's third issue.

## IV. Modification of the Judgment

In her fourth issue, appellant asks this court to reform the judgment to correctly reflect appellant's plea as "N/A" and to delete the $500 fine. The State concedes that the judgment should be reformed.

The record reflects that appellant waived arraignment on the State's motion to adjudicate and did not enter a plea at the hearing. The record also reflects that

9

the trial court did not orally pronounce the $500 fine listed in the judgment. The judgment, however, incorrectly lists a $500 fine and appellant's plea to the motion to adjudicate as "true."

"[A]n appellate court has authority to reform a judgment to include an affirmative finding to make the record speak the truth when the matter has been called to its attention by any source." *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (citing *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.— Dallas 1991, pet. ref'd) (en banc)); *see also Haggerty v. State*, 429 S.W.3d 1, 12 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). We conclude that the record supports modification of the judgment because it incorrectly reflects that appellant pleaded "true" and that the trial court pronounced a $500 fine. Accordingly, we reform the judgment to reflect appellant's plea to the motion to adjudicate as "N/A" and the fine as "$0."

We sustain appellant's fourth issue.

## CONCLUSION

We reform the trial court's judgment and affirm the judgment as reformed.

/s/    Ken Wise
        Justice

Panel consists of Justices Christopher, Donovan, and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).