ACCEPTED
05-15-01049-CR
FIFTH COURT OF APPEALS
DALLAS, TEXAS
12/15/2015 4:36:35 PM
LISA MATZ
CLERK

# APPELLANT DOES NOT REQUEST ORAL ARGUMENT

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS

12/15/2015 4:36:35 PM

LISA MATZ
Clerk

## NO. 05-15-01049-CR
## IN THE COURT OF APPEALS
## FIFTH DISTRICT OF TEXAS
## DALLAS, TEXAS

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### KEITH ALEXANDER,
**Appellant**
v.
### THE STATE OF TEXAS,
**Appellee**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### Appeal from the Criminal District Court No. 2
### Dallas County, Texas
### Trial Court No. F12-70541-I

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## APPELLANT'S BRIEF

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### ATTORNEY FOR APPELLANT:

**GEORGE R. CONKEY**
**4347 West Northwest Hwy.**
**Suite 130, #132**
**Dallas, TX  75220**
**214/358-4494**
**FAX 214/902-9601**
**Email: conkey1945@aol.com**
**Bar No. 04661700**

# LIST OF PARTIES AND COUNSEL

**APPELLANT**:   Keith Alexander, TDCJ 02021336
Formby Unit
998 County Road AA
Plainview, Texas 79072-9641

Represented at original plea by:
Tim Jeffrey, Attorney at Law
State Bar No. 24054378
Dallas County Public Defender's Office
Frank Crowley Courts Building
Dallas, Texas 75207

Represented at revocation hearing by:
Stanley Mays, Attorney at Law
State Bar No. 12802700
3917 W. Sublett Rd.
Arlington, Texas 76017

Represented on appeal by:
George R. Conkey, Attorney at Law
State Bar No. 04661700
4347 W. Northwest Hwy., Suite 130, #132
Dallas, Texas 75220
Email: conkey1945@aol.com


**APPELLEE**:   State of Texas

Represented at original plea by:
Herschel Victor Woods, State Bar No. 24048899, Assistant District Attorney

Represented at revocation hearing by:
Rontear Unique Farmer, State Bar No. 24058037, Assistant District Attorney

Represented on appeal by:
Susan Hawk or designated representative, Dallas County District Attorney
Crowley Courts Building, LB-19
133 No. Riverfront Blvd.
Dallas, Texas 75207-4313              i

**TABLE OF CONTENTS**

List of Parties and Counsel                                          i

Table of Contents                                                    ii

Index of Authorities                                                 iii

Statement Regarding Oral Argument                                    iii

Style and Salutation                                                 1

Statement of the Case                                                1

Issue Presented                                                      2

**SOLE ISSUE**

**WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN REVOKING APPELLANT'S COMMUNITY SUPERVISION BECAUSE THE STATE FAILED TO MEET ITS BURDEN OF PROOF SHOWING THAT HE VIOLATED A CONDITION OF HIS COMMUNITY SUPERVISION ALLEGED IN STATE'S MOTION TO ADJUDICATE.**

Statement of Facts                                                   2

Issue Restated                                                       5
       Summary of the Argument                                5
       Argument and Authorities                              5

Prayer                                                               8

Certificate of Service                                               8

Certificate of Compliance                                            9

# INDEX OF AUTHORITIES

**Case Law:**

*Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980)      7

*Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981)    6

*Pickett v. State*, 542 S.W.2d 868, 870 (Tex. Crim. App. 1976)      7

*Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd) 6

*Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006)      6

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Tex. R. App.Proc. 39.8, counsel waives oral argument herein since the facts and legal arguments are adequately presented in the brief.

**********************

## APPELLANT'S BRIEF

**********************

**TO THE HONORABLE COURT OF APPEALS:**

Comes now Keith Alexander, Appellant in the above styled and numbered cause, and respectfully submits this Brief in such cause.

NOTE:   The record is referred to as:
"CR" clerk's record, one volume.
"RR1-RR4" reporter's record, four volumes.

## STATEMENT OF THE CASE

Appellant was charged by affidavit and information for assault with bodily injury, family violence enhanced, and the date of the offense being December 17, 2012. CR:18.  Appellant entered an agreed plea agreement, waived his right to a jury trial (CR:21, 22), and entered a plea of guilty before the court. RR2:06. Appellant signed and stipulated to a judicial confession. CR:15, RR2:06.  The court admonished the appellant as to the range of punishment, accepted his plea, and found the evidence sufficient for a finding of guilt, but deferred a finding of guilt, followed the plea agreement, and placed appellant on probation for three (3) years and assessed a fine of $2,000. CR:23, RR2:07.  The appellant was served

1

with conditions of probation. CR:26-27. Subsequently, the State filed motion to proceed to adjudication of guilt. CR:38. Appellant entered a plea of "not true" to the allegations in the motion in an open plea to the court. RR3:07+. The trial court heard evidence, granted the State's motion, found appellant guilty of the offense and set punishment at ten years confinement in the penitentiary. CR:42, RR4:58. Sentence was imposed and the court entered judgment on August 21, 2015. Appellant timely filed notice of appeal. CR:47, 51.

## ISSUE PRESENTED

**WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN REVOKING APPELLANT'S COMMUNITY SUPERVISION BECAUSE THE STATE FAILED TO MEET ITS BURDEN OF PROOF SHOWING THAT HE VIOLATED A CONDITION OF HIS COMMUNITY SUPERVISION ALLEGED IN STATE'S MOTION TO ADJUDICATE.**

## STATEMENT OF FACTS

The trial court held a revocation hearing based on State's motion to proceed to an adjudication of guilt. RR vols. 3 & 4, CR-38. Appellant entered plea of "not true" to the motion. RR3-06. The order by which he was placed on deferred adjudication community supervision provided the

2

following conditions (CR26-27):

(a) Commit no offense against the laws of this State or any other State or the United States …

(h) Report … upon release … to arrange payment of Court Costs, Fine, and, if assessed Attorney Fees.

(j) Pay a Supervision fee of $60.00 per month …

(k) Participate in … Dallas Area Crime Stoppers Inc. by making a monetary contribution of $50.00 … within 90 days.

(n) Submit a urine sample, paying the total cost of such urinalysis of $200.00 payable at $10.00 monthly.

Another condition imposed on Appellant yet not listed in the State's motion was:

(q) Do not have any form of contact, be it in person, by mail, telephone or any form of communication with AMANDA BIRKINSHA directly or indirectly for the duration of the Supervision Term.

The State alleged that he violated Conditions (a), (h), (j), (k), and (n) in its motion. At trial the State only offered evidence as to condition (a) which was stated as:

(a) Keith Alexander did violate condition (a) by violating the laws of the State of Texas in that on or about 1/18/2015 in Dallas County, Texas, he did commit the offense of Aggravated Assault/Deadly Weapon.

Amanda Birkinsha, "Amanda", testified she was in a relationship with Appellant 2 years ago which produced a daughter. RR3:08. She and appellant

3

were not now together but she wanted to form a healthy co-parenting relationship with Appellant. RR3:09. As a result of a prior disturbance in December 2014, Appellant was given temporary custody of their daughter. RR3:29. On January 18, 2015, Appellant came to Amanda's apartment and they went shopping, cooked dinner, and started talking about their plans. RR3:11-12. Appellant became upset with Amanda's dating and raising of their daughter. Amanda stated Appellant started slapping her and choking her. RR3:15, 17. She said she lost consciousness. RR3:18. She said he got a knife and put it up to my neck, eyes and lips. RR3:19. She stated he continued to assault her most of the night. RR3:21. She recalled they fell asleep first on the couch and then on her bed. RR3:21-22. When she woke up the next day, she was in a lot of pain and felt she needed to go to an emergency room. RR3:23-24. Appellant then drove her to a phone store, to some of his relatives, and eventually to a hospital in Mesquite. RR3: 25-26. When she was released, he drove her to her apartment. RR3:32. The next day, a friend of Amanda's, took her back to the hospital and to the police. RR3:32-34.

Appellant testified admitting he went to Amanda's apartment and went shopping and cooked dinner. RR4:47. He denied he assaulted her or spent the night at her apartment. Appellant stated he came back to her apartment the next

4

day and took her to the hospital. RR4:48.

**SOLE ISSUE, Restated**

**WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN REVOKING APPELLANT'S COMMUNITY SUPERVISION BECAUSE THE STATE FAILED TO MEET ITS BURDEN OF PROOF SHOWING THAT HE VIOLATED A CONDITION OF HIS COMMUNITY SUPERVISION ALLEGED IN STATE'S MOTION TO ADJUDICATE.**

**SUMMARY OF THE ARGUMENT**
**(Sole Issue)**

The trial court abused its discretion in revoking Appellant's community supervision even though there was evidence to show that Appellant committed the offense of aggravated assault because the State presented evidence of Appellant violating a condition of probation that was not alleged in the State's motion to proceed to adjudication, condition (q), which the trial court may have based its ruling on without stating which condition(s) Appellant violated in its adjudication order.

**ARGUMENT AND AUTHORITIES**
**(Sole Issue)**

In an adjudication hearing, the State must prove by a preponderance of the

5

evidence that a defendant violated the terms of his community supervision.

*Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006). A preponderance of the evidence means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Rickels*, 202 S.W.3d at 763-64. It is recognized that the trial court has broad discretion in the proceedings, the general standards for reviewing the sufficiency of the evidence do not apply. *Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd). The trial court is held to an abuse of discretion standard examining the evidence in a light most favorable to its order. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). The trial judge is the trier of fact and the arbiter of the credibility of the testimony during a hearing on a motion to adjudicate. *See Garrett*, 619 S.W.2d at 174.

At the revocation hearing, the State offered evidence in support of the alleged violation of condition (a) that Appellant committed the offense of aggravated assault. This evidence by the victim Amanda was contested by the testimony of Appellant. The State then decided to provide evidence that Appellant violated a different condition of probation, namely, condition (q) that Appellant

6

have no contact with Amanda.  Although Appellant admitted he had contact with Amanda, this condition was not listed in State's Motion to Proceed with an Adjudication of Guilt. CR:38.  After brief argument by State and Appellant, the Court simply ruled:

> "The Court will go ahead and find the Defendant guilty of the offense of assault as charged in the indictment." RR4:59.

The Court then imposed a sentence of 10 years confinement with no findings as to what condition(s) of probation the Appellant may have violated. RR4:60.

Probation may not be revoked upon a finding of any violation of any probationary condition other than that alleged in the motion to revoke or necessarily included within the allegations contained in the motion. *Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980); *Pickett v. State*, 542 S.W.2d 868, 870 (Tex. Crim. App. 1976).  Here, the State presented evidence and argued, in addition to the alleged assault, that Appellant violated his probation by having contact on numerous occasions with Amanda. RR4:59.  This condition of contact with the witness was not alleged in the State's motion and may well have been the basis of the Court's order of adjudication.  The Court abused its discretion on revoking Appellant's probation on the basis of violating a condition not asserted by

7

the State.

## PRAYER

WHEREFORE, premises considered, Appellant prays the Court order a new revocation hearing or remand to the trial court to make findings as to what condition(s) of probation the Court found to be violated in revoking Appellant's probation.

RESPECTFULLY SUBMITTED:

/s/ George R. Conkey
George R. Conkey
Attorney for Appellant
4347 West Northwest Hwy.
Suite 130, #132
Dallas, TX 75220
214/358-4494
FAX 214/902-9601
Bar No. 04661700

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that a true and correct copy of the above Brief was served on the State of Texas, by email to the District Attorney of Dallas County, Appellate Section Chief at lori.ordiway@dallascounty.org on December 15, 2015.

I further certify that I have mailed a copy of the above Brief by first class mail, postage paid, to Appellant, Keith Alexander, TDCJ 02021336, Formby Unit, 998 County Road AA, Plainview, Texas 79072-9641, on the same date.

/s/ George R. Conkey
George R. Conkey

## CERTIFICATE OF COMPLIANCE

I further certify that the word count of this document is 2,006 based on the word count of the computer program.

/s/ George R. Conkey
George R. Conkey
