**Lewis CADDELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 62902.**

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 10, 1980.

Jane Matyastik, Cameron, for appellant.

Charles J. Sebesta, Jr., Dist. Atty., and Melynda Giesenschlag, Asst. Dist. Atty., Caldwell, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS, and CLINTON, JJ.

## OPINION

CLINTON, Judge.

This is an appeal from an order revoking probation. Appellant was convicted, upon a plea of guilty, of burglary of a building. The court assessed punishment at five years and a $350 fine, probated. Among the terms and conditions of probation imposed were that appellant:

2. Commit no offense against the laws of this or any State of the United States or any governmental entity.

3. Avoid injurious or vicious habits: including but not limited to; unless taken under a doctor's direction, abstain from the use of narcotics or drugs in any form at anytime, abstain from the use of alcohol in any form at anytime; abstain from the use of any substance capable or calculated to cause intoxication and never become intoxicated.

4. Avoid persons or places of disreputable or harmful character: including but not limited to; avoid association with persons with criminal records and/or avoid places where intoxicating beverages are sold.

The State's amended motion to revoke probation alleged that Caddell violated his probation in that:

"Condition 2 of his probation provides that the said Lewis Caddell, 'commit no offense against the laws of this or any State of the United States or any governmental entity,' and that the said Lewis Caddell violated this condition in that the defendant, Lewis Caddell, on or about the 1st day of September, 1978, in the County of Burleson, State of Texas, did then and there appear in a public place, to wit: the premises just outside the rear door of the Hangout 'Beer Joint' in Caldwell, Texas, under the influence of alcohol to the degree that the said Lewis Caddell might endanger himself and others."

After hearing testimony, the court made the following findings of fact and conclusions of law:

## "FINDINGS OF FACT

### I.

"Probation Officer Don Chamberlain testified that on September 1st, 1978, he observed Defendant come from the rear of a place called 'The Hangout,' a licensed premise in Caldwell, Burleson County, Texas, and commenced vomiting near the rear of said establishment; upon approaching said Probationer, he observed that he had reddish or bloodshot eyes, noticed the odor of alcohol and vomit; the Probationer was placed under arrest for violation of probation.

### II.

"The Probationer and witness, Kim Lindley, testified that the two of them had stopped at a Fina service station prior to going to The Hangout and purchased two beers and commenced consuming the same while enroute to The Hangout.

### III.

"The Probationer testified that he 'went into the bathroom at "The Hangout"'.

## "CONCLUSIONS OF LAW

### I.

"The Defendant has violated Conditions 3 and 4 of the Order Granting Probation, the pertinent parts of said Conditions are as follows: 'Abstain from the use of alcohol in any form at anytime' and 'avoid places where intoxication [sic] beverages are sold.'

### II.

"Although the State did not meet the burden of proof as to the allegations in the Motion to Revoke Probation, that is, Public Intoxication, the State did meet the burden of proof by a preponderance of the evidence as to the violation of

Conditions 3 and 4 which substantiates the granting of State's Motion to Revoke Probation and the imposition of sentence."

By five grounds of error, appellant contends that abuse of discretion attended the trial court's revocation of his probation on grounds not alleged in the State's amended motion to revoke his probation.

■ It is well settled that, though not the same as a criminal trial, a proceeding to revoke probation portends a possible deprivation of liberty, and as such, the application of appropriate due process of law is constitutionally required. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 665 (1973); *Bradley v. State*, 564 S.W.2d 727 (Tex.Cr.App.1978); *Scamardo v. State*, 517 S.W.2d 293 (Tex.Cr.App.1975). Accordingly, the probationer is entitled to the "rudiments of due process," one of which is a written motion to revoke that fully informs him of the violation of a term of probation which he is alleged to have breached. *Gordon v. State*, 575 S.W.2d 529 (Tex.Cr.App. 1978); *Garner v. State*, 545 S.W.2d 178 (Tex.Cr.App.1977); *Tamez v. State*, 534 S.W.2d 686 (Tex.Cr.App.1976); *Campbell v. State*, 456 S.W.2d 918 (Tex.Cr.App.1970).

■ Further settled, is that the burden is upon the State to prove by a preponderance of the evidence that the probationer has committed the breach or breaches alleged in that party's motion to revoke probation, *Bradley*, supra; *Scamardo*, supra, and where the State fails to meet this burden of proof, the trial court is without authority to revoke the probation involved. *Walkovak v. State*, 576 S.W.2d 643 (Tex.Cr.App.1979); *Whitney v. State*, 472 S.W.2d 524 (Tex.Cr.App.1971). Concomitantly, the authority of the trial judge to revoke probation is limited by the allegations of which the probationer has due notice, those which are contained in the written motion to revoke filed during the term of the probationary period. *Zillender v. State*, 557 S.W.2d 515 (Tex.Cr.App.1977).

■ In considering the propriety of the trial court's revocation of probation, this Court will review such action only for an abuse of discretion. *Lloyd v. State*, 574 S.W.2d 159 (Tex.Cr.App.1978).

A growing body of law now stands for the proposition that a probation may not be revoked upon a finding of any violation of any probationary condition other than that alleged or necessarily included within the allegations contained in the State's motion to revoke. See, e. g., *Cleland v. State*, 572 S.W.2d 673 (Tex.Cr.App.1978); *Chacon v. State*, 558 S.W.2d 874 (Tex.Cr.App.1977); *Pickett v. State*, 542 S.W.2d 868 (Tex.Cr.App.1976); *Franks v. State*, 516 S.W.2d 185 (Tex.Cr.App.1974); *Ford v. State*, 488 S.W.2d 793 (Tex.Cr.App.1972); *Mason v. State*, 438 S.W.2d 556 (Tex.Cr.App.1969).

■ The trial court here specifically concluded that the State failed to meet its burden of proof "as to the allegations in the Motion to Revoke;" furthermore, we are not persuaded that, by alleging "appellant appeared in a public place . . . under the influence of alcohol to the degree that [he] might endanger himself and others," the State adequately notified him that his probation was in jeopardy for failure to comply with the requirements that he "avoid places where alcoholic beverages are sold" and "abstain from the use of alcohol in any form at anytime." See and compare *Ford*, supra; and *Mason*, supra.

Accordingly, we hold that the trial judge abused his discretion in revoking appellant's probation on grounds not alleged in the State's motion to revoke.

The order revoking probation is reversed, and this cause is remanded to the trial court.