# NO. 12-13-00073-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CONLEY WENDT,*<br>*APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Conley Wendt appeals the revocation of his deferred adjudication community supervision. In two issues, Appellant argues the revocation constitutes an abuse of the trial court's discretion. We affirm.

## BACKGROUND

Appellant entered a plea of guilty to possession of a controlled substance, cocaine. The trial court accepted Appellant's plea, found the evidence was sufficient to support a finding of Appellant's guilt, deferred further proceedings without entering an adjudication of guilt, and ordered that Appellant be placed on deferred adjudication community supervision for ten years.[1] The trial court also ordered that Appellant pay court costs and restitution.

Later, the State filed a first amended motion to proceed with an adjudication of guilt, alleging in three paragraphs that Appellant had violated the terms of his community supervision. At the hearing on the application, Appellant pleaded "true" to all the allegations contained in the State's motion. After a hearing, the trial court found the allegations to be "true," adjudged Appellant guilty of the underlying third degree felony offense, and assessed his punishment at seven years of imprisonment and court costs. This appeal followed.

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(a) (West Supp. 2013).

In his first and second issues, Appellant argues the trial court abused its discretion by revoking his community supervision because the evidence is insufficient to show that he violated a condition of his community supervision. In his first issue, he contends the condition alleged to have been violated, i.e., that he not commit an offense against the laws of this State or any other State of the United States or of any governmental entity, does not appear to have been imposed in the order of community supervision. In his second issue, he argues that he was entitled to the affirmative defense of necessity.

## Standard of Review and Applicable Law

In community supervision revocation cases, the state has the burden to establish by a preponderance of the evidence that the terms and conditions of community supervision have been violated. *See Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The preponderance of the evidence standard is met when the greater weight of the credible evidence before the trial court supports a reasonable belief that a condition of community supervision has been violated. *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006).

When the state has met its burden of proof and no procedural obstacle is raised, the decision whether to revoke community supervision is within the discretion of the trial court. *Flournoy v. State*, 589 S.W.2d 705, 708 (Tex. Crim. App. 1979). Thus, our review of the trial court's order revoking community supervision is limited to determining whether the trial court abused its discretion. *Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980). When a trial court finds several violations of community supervision conditions, we affirm the revocation order if the proof of any single allegation is sufficient. *See Hart v. State*, 264 S.W.3d 364, 367 (Tex. App.—Eastland 2008, pet. ref'd); *Cochran v. State*, 78 S.W.3d 20, 28 (Tex. App.—Tyler 2002, no pet.). In other words, if there is some evidence to support the finding of even a single violation, the revocation order must be upheld. *Cochran*, 78 S.W.3d at 28 (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980)). A plea of "true," standing alone, is sufficient to support a revocation of community supervision. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979). Indeed, an appellant cannot question the sufficiency of the evidence underlying the decision once he has pleaded "true." *See Cole*, 578 S.W.2d at 128; *Moore v. State*, 11 S.W.3d 495, 498 n. 1 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

## Analysis

Here, Appellant pleaded "true" to all of the allegations in the State's motion that he violated the terms of his community supervision by possessing a controlled substance. Appellant's plea of "true" to any of these violations is sufficient to support the trial court's revocation order. *See Moses*, 590 S.W.2d at 470; *Cole*, 578 S.W.2d at 128. But even if this were not the law, the result would not change.

Regarding the conditions of Appellant's community supervision (his first issue), a supplement to the clerk's record filed in this case includes an order imposing conditions of community supervision signed by Appellant on the day he pleaded guilty to the underlying offense. This order reveals that the first condition is an order for Appellant to commit no offense against the laws of this State or any other State of the United States or of any governmental entity. Moreover, regarding his entitlement to the affirmative defense of necessity (his second issue), Appellant did not raise necessity during his revocation hearing. Nor did he request that the trial court consider necessity as an affirmative defense to the allegations in the State's motion. Therefore, even if he had not pleaded "true" to the State's allegations, he would be unable to make this complaint on appeal. *See Suell v. State*, No. 12-07-00193-CR, 2008 WL 836557, at *1 (Tex. App.—Tyler Mar. 31, 2008, no pet.) (appellant not allowed to raise affirmative defense of entrapment for first time on appeal).

Because Appellant's plea of "true" to any of the State's allegations supported the revocation order, the trial court did not abuse its discretion by revoking Appellant's community supervision. Accordingly, we overrule Appellant's first and second issues.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the judgment of the trial court.

BRIAN HOYLE
Justice

Opinion delivered December 20, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 20, 2013**

**NO. 12-13-00073-CR**

**CONLEY WENDT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court

of Houston County, Texas (Tr.Ct.No. 08CR-153)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*