

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00246-CR
No. 07-15-00286-CR
_____

RICKY DAN ALLEE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 17917A; Honorable Dan Schaap, Presiding

April 13, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Ricky Dan Allee, appeals from the trial court's revocation of his deferred adjudication community supervision and the entry of judgment as to two offenses: (1) possession of a controlled substance, to-wit: methamphetamine in an amount of four grams or more but less than 200 in a drug-free zone[1] and (2) possession

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (West 2010). The offense is a second degree felony with punishment increased by five years when committed in a drug-free zone. *Id.* at § 481.134(c).

of marihuana in an amount of five pounds or less but more than four ounces in a drug-free zone.[2]  Punishment was assessed at eight years confinement and a $1,500 fine in the possession of methamphetamine case and eight years confinement without a fine in the possession of marihuana case.[3]  The two sentences were ordered to run concurrently.  By a single issue, Appellant contends the evidence was legally insufficient to support the trial court's revocation of his deferred adjudication community supervision.  We agree and, therefore, reverse and render.

BACKGROUND

Appellant, who suffers from addiction, has been a car salesman for over forty years and is a homeowner.  He takes numerous prescribed medications for various medical conditions.  In January 2007, pursuant to a plea bargain, he was placed on deferred adjudication community supervision for a term of five years.  Since then, the State has filed six motions to revoke.  Until the revocation proceeding the subject of this appeal, each of those filings resulted in a continuation of his deferred adjudication.  In 2008, his community supervision was extended two years, and in 2009, it was extended an additional three years, for the statutory maximum period of supervision of ten years. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 22(c) (West Supp. 2015).

On February 6, 2015, with no revocation proceeding pending, Appellant's probation officer convinced him that he needed to agree to a modification of the terms

---

[2] TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(3) (West 2010).  The offense is a state jail felony with punishment increased to that of a third degree felony when committed in a drug-free zone.  *Id.* at § 481.134(d).

[3] Originally, one appeal was filed from two separate judgments.  For purposes of clarity, this court ordered the appeal severed into two separate appellate cause numbers.  *See Allee v. State*, No. 07-15-00246-CR, 2015 Tex. App. LEXIS 7423 (Tex. App.—Amarillo July 16, 2015, order) (not designated for publication).

and conditions of his community supervision to include a requirement that he participate in an electronic monitoring program in lieu of revocation and incarceration. Appellant signed a *Supplemental Order* that provided that his conditions of supervision were amended to include a requirement that he "[p]articipate in the Community Control Program provided by the Community Supervision and Corrections Department as an alternative to incarceration for a period of not less than 60 days nor more than 180 days, and abide by all rules and regulations of said program." That order was signed by the trial court on February 11, 2015. The Community Control Program is an electronic monitoring program which required Appellant to wear an ankle monitor and be at his residence twenty-four hours a day "unless directed otherwise by the Court or supervision officer for the purpose of employment, counseling . . . or other necessary activities deemed appropriate by the Community Supervision and Corrections Department." The order also required Appellant to report to his supervision officer as directed, but at least twice monthly, and obtain and maintain phone service within two weeks of being placed in the program for monitoring purposes. Twenty days later, on March 3, 2015, his supervision officer filed a report of violation indicating the he had "failed to participate and complete" the program.

On March 10, 2015, based on the report of a violation, the State filed its motion to revoke on the sole ground that he had failed to *participate and complete* the Community Control Program. (Emphasis added). At a hearing on the State's motion, Appellant entered a plea of not true. Two of Appellant's community supervision officers and Appellant testified at the hearing. At the conclusion of the hearing, the trial court found the State's allegation to be true and adjudicated Appellant guilty of the charged offenses.

3

STANDARD OF REVIEW

An appeal from a court's order adjudicating guilt is reviewed in the same manner as a revocation hearing. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2015). When reviewing an order revoking community supervision imposed under an order of deferred adjudication, the sole question before this court is whether the trial court abused its discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006)). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State,* 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). In a revocation context, "a preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision]." *Hacker*, 389 S.W.3d at 865 (citing *Rickels*, 202 S.W.3d at 764). The trial court abuses its discretion in revoking community supervision if, as to every ground alleged, the State fails to meet its burden of proof. *Cardona v. State*, 665 S.W.2d 492, 494 (Tex. Crim. App. 1984). In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). Additionally, the trial court's decision to revoke is limited by the allegations of which the defendant has due notice—those which are contained in the written motion to revoke. *Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980).

4

ANALYSIS

The supplemental order amending Appellant's conditions of community supervision provided as follows:

> 26. Participate in the Community Control Program . . . for a period of not less than 60 days nor more than 180 days, and abide by all rules and regulations of said program.
>
> > a. Be at your residence . . . twenty-four hours daily, unless directed otherwise by the Court or supervision office for the purposes of employment, counseling, participation in the Literacy and Education Program, and other necessary activities as deemed appropriate . . . .
> >
> > b. The defendant is to report to the supervision officer as directed by the Court or supervision officer, but at least twice monthly and obey all rules and regulations . . . .
> >
> > c. The defendant is to obtain telephone service within two weeks of being placed in the Community Control Program. The defendant will then maintain telephone service while in the program.

Other than the conditions provided, the record does not establish any additional "rules and regulations of said program" that Appellant was required to follow.

The State's motion to revoke alleged the following as its sole ground for revocation:

> The defendant violated the provisions of Condition No. 26 of the Order Deferring Adjudication and Placing Defendant on [community supervision] which required the defendant to *participate* in the Community Control Program Provided by the Community Supervision and Corrections Department as an alternative to incarceration for a period of not less than 60 days nor more than 180 days, and abide by all rules and regulations of said program; said violation occurring when the defendant failed to *participate and complete* the Community Control Program as directed.

(Emphasis added).

5

Appellant's supervision officer testified that Appellant came to his office on February 6, 2015, to sign the supplemental order outlining Appellant's participation in the Community Control Program. According to the officer, he explained the document to Appellant before he signed it and Appellant testified the order was explained to him on that date. After the order was signed, it was approved by the trial court's signature on February 11, 2015.

Although the supplemental order required Appellant to report "at least twice monthly," specific dates were never provided. On February 12th, for the second time in the month of February, Appellant did report to the Community Supervision and Corrections Department and visited with his supervision officer. An ankle monitor was not provided to Appellant on that visit, presumably because the supervision officer was unaware of the court's approval of the supplemental order.[4] The following day Appellant did not report for a previously scheduled visit related to his prior conditions of community supervision; however, that failure to report was not alleged in the current motion to revoke.

The supervision officer testified that after he received the approved order for electronic monitoring, he was unable to contact Appellant. His phone calls went unanswered and Appellant did not have voicemail set up. A surprise home visit on February 25th was also unsuccessful; however, the record is silent on whether Appellant had been permitted to go to work or be away for another approved activity. Regarding the condition that he have phone service, Appellant testified he had a landline.

---

[4] According to the supervision officer, an ankle monitor is not placed on a defendant until the order is approved by the trial court.

In this case, the State moved to revoke Appellant's community supervision based on the alleged violation of a condition that had been effective for less than one month. Furthermore, it was the sole violation alleged. While the motion to revoke alleged that Appellant failed to "participate and complete" the Community Control Program, the record establishes that Appellant did "participate" by reporting to his supervision officer on February 6th and 12th.[5] Furthermore, any allegation that Appellant failed to "complete" the program was premature since, by the terms of the supplemental order itself, the program could not be completed for at least sixty days.

We are not unmindful of Appellant's addiction issues and his numerous failures to comply with the terms and conditions of his community supervision.[6] We recognize the numerous opportunities he has been given since being placed on deferred adjudication community supervision in 2007. That notwithstanding, the State's only allegation in the current motion to revoke was Appellant's failure to participate in and complete the Community Control Program. The State had the burden to prove Appellant failed to comply with the program during the relevant period of time following the effective date of the supplemental order. This it has not done. Even viewing the evidence in the light most favorable to the trial court's finding of true, we find the State failed to meet its burden of proof. A revocation proceeding "portends a possible deprivation of liberty, and as such, the application of appropriate due process of law is constitutionally required." *Caddell*, 605 S.W.2d at 277 (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973)). Under the circumstances of this

___

[5] The supplemental order required a minimum of two visits per month but it did not specify dates for those visits.

[6] There is evidence in the record of other violations committed by Appellant; however, revocation can only be upheld on the allegation in the State's motion.

case, Appellant was deprived of that right. As such, Appellant's issue is sustained and we conclude the trial court abused its discretion by entering a finding of true to the State's allegation and in revoking Appellant's deferred adjudication community supervision on each count.

CONCLUSION

The trial court's judgments adjudicating guilt are reversed and judgments of "Not True" are rendered.

Patrick A. Pirtle
Justice

Do not publish.