

# NUMBER 13-17-00640-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JONATHAN EDWARD CESSAC,                                     **Appellant,**

**v.**

THE STATE OF TEXAS,                                          **Appellee.**

### On appeal from the 36th District Court
### of Aransas County, Texas.

## MEMORANDUM OPINION

### Before Justices Contreras, Longoria, and Hinojosa
### Memorandum Opinion by Justice Hinojosa

Appellant Jonathan Edward Cessac appeals from a judgment revoking his community supervision and sentencing him to eight years' confinement for the offense of sexual assault of a child, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.011 (West, Westlaw through 2017 1st C.S.). In one issue, Cessac contends that there is insufficient evidence to show that he violated the terms of his community supervision.

We affirm.

## I.    BACKGROUND

On September 13, 2012, Cessac pleaded guilty to sexual assault of a child.    The trial court placed Cessac on deferred adjudication community supervision for ten years. The community-supervision order included several terms and conditions, including that Cessac not commit any offense against the laws of Texas and that he abstain from the use of any controlled substance.    As part of his community supervision, Cessac was required to submit to periodic urine tests to determine if he used a controlled substance. On June 29, 2017, his urinalysis tested positive for a metabolite of marihuana, a controlled substance.

On September 28, 2017, the State moved to adjudicate guilt and to revoke Cessac's community supervision, alleging that he violated the aforementioned conditions by possessing and using a controlled substance.[1]    Particularly, the State alleged that Cessac (1) possessed a useable quantity of marihuana of less than two ounces, and (2) intentionally or knowingly used a controlled substance that was not prescribed by a licensed physician.    At the hearing, Abel Sanchez, Cessac's probation officer, testified that an outside lab confirmed the presence of tetrahydrocannabinol (THC) in Cessac's urine.    He further testified that he had no knowledge of over-the-counter products containing THC.

---

[1] The State filed three previous motions to revoke.    The first motion alleged that Cessac failed to pay his financial obligations, accessed the internet, and possessed pornography.    The second motion alleged that Cessac was arrested for public intoxication, possessed a synthetic cannabinoid, and used or possessed a mobile device.    The third motion alleged that Cessac was again arrested for public intoxication.    The trial court found the previous violations to be true, but it continued Cessac's term of community supervision and ordered him to attend a substance abuse outpatient counseling program.

Cessac did not deny consuming THC, but contended that he did so accidentally. He testified that the positive urinalysis occurred as a result of the fact that he ingested cannabinoid (CBD) oil and that he did not use marihuana in any capacity since the beginning of his community supervision. He further testified that he used the CBD oil as a replacement for his prescribed medications for his bipolar disorder and depression. He testified that he did not know CBD oil contained THC and that he would not have taken it if he had known it contained THC.

The trial court found not true the allegation that Cessac committed an offense against the laws of Texas but found true the allegation that he used a controlled substance. The trial court revoked Cessac's community supervision, adjudicated him guilty of sexual assault of a child, and sentenced him to eight years' confinement. This appeal followed.

## II. DISCUSSION

Cessac contends that the State did not provide sufficient evidence that he violated the terms of his community service.

### A. Standard of Review and Applicable Law

The decision whether to revoke community supervision rests within the discretion of the trial court. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). Appellate review of an order revoking community supervision is limited to abuse of the trial court's discretion. *Id.* In determining questions regarding sufficiency of the evidence in community supervision revocation cases, the burden of proof is by a preponderance of the evidence. *Id.* at 864–65. In the probation-revocation context, "a

preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Id.* at 865 (citing *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006)). Evidence does not meet this standard when the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence. *Id.* When the State has failed to meet its burden of proof, the trial court abuses its discretion in issuing the order to revoke community supervision. *Jones v. State*, 176 S.W.3d 47, 51 (Tex. App.—Houston [1st Dist.] 2004, no pet.). When the sufficiency of the evidence is challenged, we view the evidence in a light most favorable to the trial court's findings. *Rodriguez v. State*, 888 S.W.2d 211, 214 (Tex. App.—Corpus Christi 1994, no pet.); *see Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). The trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Hacker*, 389 S.W.3d at 865.

The Texas Controlled Substances Act specifically identifies THC, synthetic equivalents, and cannabinol derivatives as Penalty Group 2 and 2-A controlled substances. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.103–1031 (West, Westlaw through 2017 1st C.S.).

**B. Analysis**

Cessac contends that the State did not show that he intentionally or knowingly used a controlled substance. He argues that because he did not know that CBD oil contained a controlled substance, he did not intentionally or knowingly use a controlled substance.

4

Generally, unless the issue in question is nonpayment of restitution or other supervisory fees, the State has no duty to prove voluntary or intentional conduct when the terms of the community supervision do not specify a mens rea. *See Stanfield v. State*, 718 S.W.2d 734, 738 (Tex. Crim. App. 1986) (concluding that the State has the burden of proving that a failure to pay fees and costs was intentional); *see also Smith v. State*, No. 06-12-00065-CR, 2013 WL 238883, at *3 (Tex. App.—Texarkana Jan. 23, 2013, no pet.) (mem. op., not designated for publication) (noting that, except for the nonpayment of fees, the State has no duty to prove intentional conduct where condition of community supervision imposes no such requirement); *Cano v. State*, No. 01-00-01210-CR, 2001 WL 1098023, at *1 (Tex. App.—Houston [1st Dist.] Sept. 20, 2001, no pet.) (mem. op., not designated for publication) (concluding that the State had no duty to prove voluntary or intentional conduct regarding a failure to report violation). Here, the terms of the community supervision specifically state that Cessac must "abstain from the use of controlled substances. . . ." It does not specify that the use must be intentional or knowing.

However, in its motion to revoke the State alleged that Cessac "intentionally and knowingly violate[d]" the terms of his community supervision "by using a controlled substance that was not prescribed by a licensed physician[.]" This Court has previously observed that "the authority of the trial judge to revoke probation is limited by the allegations of which the probationer has due notice, meaning those which are contained in the written motion to revoke filed during the term of the probationary period." *Hille v. State*, No. 13-11-00755-CR, 2012 WL 6719452, at *5 (Tex. App.—Corpus Christi Aug.

5

28, 2012, no pet.) (mem. op., not designated for publication) (citing *Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980)). In *Hille*, we concluded that the trial court's authority to revoke the appellant's community supervision was limited by the allegation that the appellant acted "intentionally and knowingly" as alleged in the State's motion to revoke. *See id.* Similarly, in this case, the State alleged an intentional or knowing violation of the community-supervision terms. Therefore, we must determine whether there was sufficient evidence that Cessac intentionally or knowingly used a controlled substance.

A person acts intentionally with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. TEX. PENAL CODE ANN. § 6.03(a) (West, Westlaw through 2017 1st C.S.). A person acts knowingly with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. *Id.* § 6.03(b). A person acts knowingly with respect to a result of his conduct when he is aware that his conduct is reasonably likely to cause the result. *Id.* Direct evidence of the required mental state is not required. *Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002). The fact-finder may infer both knowledge and intent from any facts that tend to prove the existence of these mental states, including the defendant's acts, words, or conduct. *Id.*

Cessac's urinalysis of June 29, 2017 tested positive for THC, which is a controlled substance under section 481.103 of the health and safety code. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.103. Cessac does not dispute the validity of the test and

6

acknowledges that he must have ingested THC during his period of community supervision. However, he contends that the evidence establishes that his use of THC was accidental. As stated above, the trial court is the sole judge of the testimony given, and we will give great deference to its determinations. *See Hacker*, 389 S.W.3d at 865. The trial court was allowed to disbelieve Cessac's testimony that the THC likely came from CBD oil and give greater weight to Sanchez's testimony that products containing THC are not available in Texas stores. *See id.*; *see also In re A.J.E.M.-B.*, No. 14-14-00424-CV, 2014 WL 5795484, at *14 (Tex. App.—Houston [14th Dist.] Nov. 6, 2014, no pet.) (mem. op.) (concluding in parental termination appeal that the trial court was entitled to disbelieve mother's testimony that her ingestion of a controlled substance was inadvertent in light of evidence of a positive drug test). Based on this testimony, the trial court could reasonably infer that Cessac did not unintentionally ingest THC from an over-the-counter medicinal supplement, but rather intentionally sought out an illicit product which he knew contained THC. Thus, the trial court could have reasonably concluded that Cessac intentionally or knowingly violated a term of his community supervision based on the greater weight of credible evidence. *See Hacker*, 389 S.W.3d at 865.

Cessac also argues that by finding the allegation that Cessac possessed a useable quantity of marijuana to be not true, the trial court must have necessarily accepted Cessac's version of events. We disagree. The trial court could have reasonably found that Cessac violated the terms of his community supervision by consuming a controlled substance—a cannabinol derivative containing THC—but that the State failed to prove this substance was marihuana as alleged in the State's motion to revoke.

7

We conclude that the trial court did not abuse its discretion by revoking Cessac's community supervision. *See id.* We overrule Cessac's sole issue.

### III. CONCLUSION

We affirm the judgment of the trial court.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
26th day of July, 2018.