# NO. 12-18-00223-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RAYMOND HUBERT,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 217TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Raymond Hubert appeals the trial court's revocation of his community supervision. In one issue, Appellant argues that the trial court abused its discretion by determining that he violated his community supervision. We affirm.

## BACKGROUND

Appellant was charged by indictment with possession of four grams or more but less than 200 grams of cocaine. He pleaded "no contest," and the trial court assessed his punishment at imprisonment for ten years. Appellant subsequently filed a motion for shock probation. The trial court granted the motion and placed Appellant on community supervision for a term of seven years.

The State subsequently filed a motion to revoke Appellant's community supervision based on seven alleged violations of its conditions. Appellant pleaded "true" to three violations, "not true" to three violations, and "true" in part to one violation. After a hearing on the motion, the trial court accepted Appellant's pleas of "true," found the remaining allegations "true," revoked his community supervision, and assessed his punishment at imprisonment for six years. This appeal followed.

In Appellant's sole issue, he argues that the trial court erred by determining that he violated his conditions of community supervision because he tried to comply with those conditions.

## Standard of Review and Applicable Law

In revocation cases, the state has the burden to establish by a preponderance of the evidence that the terms and conditions of community supervision have been violated. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The preponderance of the evidence standard is met when the greater weight of the credible evidence supports a reasonable belief that the defendant violated a condition of community supervision. *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006). In a revocation hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980).

Appellate review of a trial court's order revoking community supervision is limited to determining whether the trial court abused its discretion. *Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980). One sufficient ground for revocation will support a trial court's order revoking community supervision. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009).

## Analysis

At the hearing on the motion to revoke, Appellant pleaded "true" to allegations that he violated conditions of his community supervision by (1) using, possessing, or consuming marijuana on January 29, 2018, (2) failing to submit a sample for urinalysis, and (3) failing to pay a urinalysis fee. He pleaded "not true" to allegations that he (1) used, possessed, or consumed marijuana on May 2, 2018, (2) failed to report on two dates, and (3) failed to make his community supervision payments. Regarding an allegation that Appellant failed to make payments toward his court costs, attorney's fees, and restitution, he stated that he made some but not all of them. On appeal, Appellant argues that the trial court erred by revoking his community supervision because the May 2 drug test was unconfirmed, he was unable to report because he was running late or in jail, and he was unable to make payments during periods of unemployment. We disagree.

Even assuming Appellant could successfully challenge the violations regarding payments, reporting, and the May 2 drug test, the trial court was justified in revoking his community supervision. *See id.* at 343. Any of the three violations to which Appellant pleaded "true" is sufficient to support the trial court's revocation order. *See id.* at 342. We conclude that the trial

court did not abuse its discretion by revoking Appellant's community supervision. *See id.* at 342-43. Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered January 16, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 16, 2019**

**NO. 12-18-00223-CR**

**RAYMOND HUBERT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. 2014-0365)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*