# NO. 12-18-00242-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KORY KENNETH PAUL LYONS,* *APPELLANT* | § | *APPEAL FROM THE 273RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SABINE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Kory Kenneth Paul Lyons appeals the trial court's judgment adjudicating him guilty of aggravated assault with a deadly weapon. In one issue, Appellant argues that the trial court abused its discretion by adjudicating him guilty and revoking his community supervision. We affirm.

### BACKGROUND

Appellant was charged by indictment with aggravated assault with a deadly weapon. Pursuant to a plea agreement, Appellant pleaded "guilty," and the trial court deferred a finding of guilt and placed him on community supervision for a term of three years.

The State subsequently filed a motion to proceed with an adjudication of guilt, alleging a violation of Appellant's conditions of community supervision, and then an amended motion alleging two violations. After a hearing on the amended motion, the trial court found the allegations true, adjudicated Appellant "guilty" of aggravated assault, and assessed his punishment at imprisonment for ten years. This appeal followed.

## PROPRIETY OF REVOCATION

In Appellant's sole issue, he argues that the trial court erred by determining that he violated his conditions of community supervision because the State did not prove the allegations by a preponderance of the evidence.

### Standard of Review and Applicable Law

The determination to proceed with an adjudication of guilt after a defendant is placed on deferred adjudication community supervision is reviewable in the same manner as a revocation hearing. TEX. CODE CRIM. PROC. ANN. art. 42A.108(b) (West 2018). In revocation cases, the state has the burden to establish by a preponderance of the evidence that the terms and conditions of community supervision have been violated. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The preponderance of the evidence standard is met when the greater weight of the credible evidence supports a reasonable belief that the defendant violated a condition of community supervision. *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006). In a revocation hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980).

Appellate review of a trial court's order revoking community supervision is limited to determining whether the trial court abused its discretion. *Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. [Panel Op.] 1980). One sufficient ground for revocation will support a trial court's order revoking community supervision. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009).

### Analysis

At the hearing on the motion to revoke, Appellant pleaded "not true" to the allegations that he violated conditions of his community supervision by (1) committing the offense of falsifying drug test results and (2) using methamphetamines. To support the allegations, the State called Kimberly Smith, community supervision officer John Bruton, and Sabine County Sheriff's Deputy Joseph MacDonough as witnesses.

Smith testified that she reported to Bruton one day and became aware that she would be drug tested. She encountered Appellant in the lobby and asked if he could pass a drug test. Appellant said he could, so Smith gave him an empty medicine bottle and asked him to fill it with his urine. Appellant took the bottle into the women's restroom, filled it with urine, and deposited

it in the wastebasket. Smith retrieved the bottle and submitted the contents as her own sample. When Bruton subsequently asked Smith when she last used methamphetamines, she told him that the urine was not hers.

Bruton testified that Appellant and Smith were present at the community supervision office at the same time. Bruton's assistant administered a drug test to Smith and gave Bruton the results, which were negative. Nonetheless, Bruton suspected that Smith was using methamphetamines and asked her, "When is the last time you used meth?" She then said the urine was not hers and told Bruton the story of how "Kenny, the jewelry man" gave her his urine to use. Bruton obtained and tested a second urine sample from Smith, which revealed positive results for cocaine, methamphetamines, marijuana, and alcohol. He called the police to report the falsification offense. Deputy MacDonough testified that he was called to take Smith's statement.

Bruton further testified that about a week later, when Appellant was arrested for falsifying drug test results, he obtained a urine sample from him. Bruton tested the sample and obtained positive results for methamphetamines and amphetamines. He then sent the sample to One Source Toxicology where the positive methamphetamine result was confirmed.

On appeal, regarding the allegation that he committed the offense of falsifying drug test results, Appellant argues that the State failed to meet its burden of proof because it produced no evidence that Appellant was alone in the restroom and placed the bottle of urine in the wastebasket, Deputy MacDonough testified that Smith is not trustworthy,[1] and the evidence showed that no one tested the urine to connect it to Appellant. We disagree.

Despite Appellant's arguments to the contrary, we cannot conclude based on the record that the trial court erred by finding that Appellant committed the offense of falsifying drug test results. A person commits falsification of drug test results if he knowingly or intentionally delivers, possesses with intent to deliver, or manufactures with intent to deliver a substance or device designed to falsify drug test results. TEX. HEALTH & SAFETY CODE ANN. § 481.133(b) (West 2017). Here, Smith testified that she asked Appellant for his urine, gave him a medicine bottle, was told by Appellant that the bottle of urine was in the wastebasket, and found the bottle of urine in the wastebasket. From this evidence the trial court could reasonably infer that Appellant intentionally delivered his urine to Smith to falsify her drug test results. For this reason and because the trial

---

[1] We note that although Appellant argues MacDonough testified that Smith is not trustworthy, and defense counsel attempted to elicit such testimony, the record shows MacDonough did not so testify.

court is the sole judge of Smith's credibility and the weight to be given her testimony, we conclude that the trial court did not abuse its discretion by finding the allegation true by a preponderance of the evidence. *See Taylor*, 604 S.W.2d at 179.

Because one sufficient ground for revocation will support a trial court's order revoking community supervision, we need not address whether the trial court erred by finding the remaining allegation true. *See Smith*, 286 S.W.3d at 342. We conclude that the trial court did not abuse its discretion by adjudicating Appellant guilty and revoking his community supervision. *See id.* at 342-43. Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered July 10, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 10, 2019**

**NO. 12-18-00242-CR**

**KORY KENNETH PAUL LYONS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 273rd District Court
of Sabine County, Texas (Tr.Ct.No. CR1607279)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*