# NOS. 12-20-00019-CR
# 12-20-00023-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JONATHAN DELACRUZ,*<br>*APPELLANT* | § | *APPEALS FROM THE 123RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SHELBY COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Jonathan Delacruz appeals the trial court's judgment adjudicating him guilty of burglary of a habitation and its order revoking his community supervision for burglary of a building. In four issues, Appellant challenges the trial court's findings that he violated the conditions of his community supervision. We affirm.

### BACKGROUND

Appellant was charged by indictment with burglary of a habitation and burglary of a building. Pursuant to a plea agreement, he pleaded "guilty," and the trial court deferred a finding of guilt and placed him on community supervision for a term of ten years in the burglary of a habitation case, and assessed his punishment at confinement in a state jail facility for two years, suspended for a term of five years in the burglary of a building case. Shortly thereafter, Appellant was deported from the United States.

Four years later, a Center convenience store owner was robbed at gunpoint. Center police detectives released still photographs taken from the surveillance video to the media. An anonymous tip led the detectives to Appellant. Subsequently, the State filed a motion to proceed with an adjudication of guilt in the burglary of a habitation case and a motion to revoke

community supervision in the burglary of a building case based in part on allegations that he failed to report to his community supervision officer, failed to pay restitution, and committed the new offenses of burglary of a habitation, theft of a firearm, aggravated robbery, and attempted capital murder.

After a hearing on the motions, the trial court found "true" the allegations of Appellant's failure to report, failure to pay restitution, commission of theft of a firearm, and commission of aggravated robbery, and expressly declined to enter findings regarding the allegations of burglary of a habitation and attempted capital murder. The trial court adjudicated Appellant "guilty" and assessed his punishment at imprisonment for twenty years in the burglary of a habitation case, and revoked his community supervision and assessed his punishment at confinement for two years in a state jail facility in the burglary of a building case. This appeal followed.


## PROPRIETY OF REVOCATION

In Appellant's four issues, respectively, he argues that the trial court erred by determining that he violated his conditions of community supervision because (1) reporting was impossible, (2) no restitution was ordered, (3) the evidence of theft of a firearm is insufficient, and (4) collateral estoppel barred the trial court from finding the aggravated robbery allegation "true."

## Standard of Review and Applicable Law

In revocation cases, the state has the burden to establish by a preponderance of the evidence that the terms and conditions of community supervision have been violated. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The preponderance of the evidence standard is met when the greater weight of the credible evidence supports a reasonable belief that the defendant violated a condition of community supervision. *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006). In a revocation hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Taylor v. State,* 604 S.W.2d 175, 179 (Tex. Crim. App. 1980). The determination to proceed with an adjudication of guilt after a defendant is placed on deferred adjudication community supervision is reviewable in the same manner as a revocation hearing. TEX. CODE CRIM. PROC. ANN. art. 42A.108(b) (West 2018).

Appellate review of a trial court's order revoking community supervision is limited to determining whether the trial court abused its discretion. *Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. [Panel Op.] 1980). One sufficient ground for revocation will support a trial court's order revoking community supervision. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009).

**Analysis**

We begin by addressing Appellant's fourth issue, in which he argues that because the trial court found the allegation of attempted capital murder "not true," it was barred by collateral estoppel from finding the aggravated robbery allegation "true." He contends that because both allegations are based on the same criminal incident, one cannot be true if the other is not true. In response, the State first argues that under *State v. Waters*, it is questionable whether collateral estoppel is available in the context of revocation proceedings. 560 S.W.3d 651 (Tex. Crim. App. 2018). It further argues that a finding of "true" regarding the aggravated robbery allegation is not inconsistent with a finding of "not true" regarding the attempted capital murder allegation because attempted capital murder contains an additional element. We disagree with Appellant for the reasons asserted by the State and an additional reason.

Collateral estoppel applies only when facts in the first proceeding were "necessarily decided" and "essential to the judgment." *Id.* at 661. A determination ranks as necessary or essential only when the final outcome hinges on it. *Id.* A judge's finding of "true" or "not true" is not a determination that is "necessary or essential" to the judgment continuing a defendant on community supervision, such as would trigger common law estoppel. *Id.* A trial judge has broad discretion in ruling on a revocation motion. *Id.* When a trial judge at a revocation hearing finds an alleged new offense either "true" or "not true," she may, in her discretion, continue or modify the defendant's community supervision, regardless of the determination. *Id.*; TEX. CODE CRIM. PROC. ANN. arts. 42A.751(d) (West Supp. 2019), 42A.752(a) (West Supp. 2019). Because of the highly discretionary nature of revocation proceedings, and because a finding of "true" or "not true" does not compel a particular result, collateral estoppel principles are not implicated. *Waters*, 560 S.W.3d at 661.

In this case, contrary to Appellant's assertion, the trial court did not find the allegation of attempted capital murder "not true." Rather, the court stated as follows:

3

TRIAL COURT: And I am not going to enter a finding with respect to the burglary of a habitation or Letter I [attempted capital murder].

PROSECUTOR: Yes, ma'am.

TRIAL COURT: But I believe that that evidence is sufficient with respect to those allegations with respect to both cases.

Thus, Appellant's argument is baseless. Moreover, even if the trial court found the attempted capital murder allegation "not true," we agree with the State that such a finding would not preclude a finding of "true" regarding the aggravated robbery allegation because attempted capital murder requires an additional element. *Compare* TEX. PENAL CODE ANN. §§ 15.01 (West 2019) (criminal attempt); 19.03 (West Supp. 2020) (capital murder—requiring intent to commit murder) *with* TEX. PENAL CODE ANN. § 29.03 (West 2019) (aggravated robbery—not requiring intent to commit murder). Finally, even if attempted capital murder did not require an additional element, collateral estoppel would not apply because of the discretionary nature of revocation proceedings and because a finding of "true" or "not true" does not compel a particular result. *See Waters*, 560 S.W.3d at 661; TEX. CODE CRIM. PROC. ANN. arts. 42A.751(d), 42A.752(a). For these reasons, we conclude that the trial court did not err by finding the aggravated robbery allegation "true."[1] Accordingly, we overrule Appellant's fourth issue.

Because one sufficient ground for revocation will support a trial court's order revoking community supervision, we need not address whether the trial court erred by finding the remaining allegations "true." *See Smith*, 286 S.W.3d at 342; *see also* TEX. R. APP. P. 47.1 (court of appeals opinion must be as brief as practicable and need address only issues necessary to final disposition of appeal). Accordingly, we overrule Appellant's first, second, and third issues.

## DISPOSITION

Having overruled Appellant's first through fourth issues, we ***affirm*** the trial court's judgments.

**JAMES T. WORTHEN**
Chief Justice

---

[1] We note that Appellant does not challenge the sufficiency of the evidence that he committed aggravated robbery. Even if he did, the evidence, which includes the victim's testimony and surveillance video of the robbery, is sufficient to support the trial court's "true" finding.

Opinion delivered October 21, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 21, 2020**

**NO. 12-20-00019-CR**

**JONATHAN DELACRUZ,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 123rd District Court

of Shelby County, Texas (Tr.Ct.No. 15CR19295)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 21, 2020**

**NO. 12-20-00023-CR**

**JONATHAN DELACRUZ,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 123rd District Court
of Shelby County, Texas (Tr.Ct.No. 15CR19296)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*