# NO. 12-21-00052-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LAWANDA RUSHING,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Lawanda Rushing appeals the trial court's judgment adjudicating her guilty of state jail felony theft of property. In two issues, Appellant challenges the trial court's revocation of her community supervision based on her failure to pay restitution and community supervision fees. In a third issue, she contends that we must correct a clerical error in the judgment. We modify and affirm as modified.

### BACKGROUND

Appellant was charged by indictment with theft of property valued at $1,500.00 or more but less than $20,000.00. Pursuant to a plea bargain agreement in May 2012, she pleaded "guilty," and the trial court deferred a finding of guilt and placed her on community supervision for a term of five years. Subsequently, the State filed a motion to proceed with an adjudication of guilt based on allegations that Appellant failed to report monthly from May 2014 through November 2015, failed to pay the $60.00 monthly supervision fee from May 2014 through December 2015, and failed to pay restitution at the rate of $150.00 per month from May 2014 through November 2015.

After a hearing on the motion, the trial court found the failure to report allegation "not true," found the failure to pay allegations "true," adjudicated Appellant "guilty," and assessed

her punishment at confinement in a state jail facility for a term of twenty-four months. This appeal followed.

**PROPRIETY OF REVOCATION**

In Appellant's first issue, she argues that the trial court erred by revoking her community supervision for failure to pay restitution without considering all the statutorily required factors. In Appellant's second issue, she argues that the court erred by revoking her community supervision for failure to pay her community supervision fees without evidence that the failure was willful.

**Standard of Review and Applicable Law**

In revocation cases, the state has the burden to establish by a preponderance of the evidence that the terms and conditions of community supervision have been violated. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The preponderance of the evidence standard is met when the greater weight of the credible evidence supports a reasonable belief that the defendant violated a condition of community supervision. *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006). In a revocation hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Taylor v. State,* 604 S.W.2d 175, 179 (Tex. Crim. App. 1980). The determination to proceed with an adjudication of guilt after a defendant is placed on deferred adjudication community supervision is reviewable in the same manner as a revocation hearing. TEX. CODE CRIM. PROC. ANN. art. 42A.108(b) (West 2018).

Appellate review of a trial court's order revoking community supervision is limited to determining whether the trial court abused its discretion. *Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. [Panel Op.] 1980). One sufficient ground for revocation will support a trial court's order revoking community supervision. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009).

**Analysis**

In her second issue, Appellant argues that the trial court erred by revoking her community supervision for failure to pay her community supervision fees because the State failed to prove she had the ability to pay them as required by Texas Code of Criminal Procedure

Article 42A.751(i)—the "ability-to-pay statute." We need not decide whether the State proved Appellant had the ability to pay the fees because we conclude that the statute does not apply.

The ability-to-pay statute provides that

> [i]n a revocation hearing at which it is alleged only that the defendant violated the conditions of community supervision by failing to pay community supervision fees or court costs or by failing to pay the costs of legal services as described by Article 42A.301(b)(11), the state must prove by a preponderance of the evidence that the defendant was able to pay and did not pay as ordered by the judge.

TEX CODE CRIM. PROC. ANN. art. 42A.751(i) (West Supp. 2021). We construe a statute in accordance with its literal text unless the language is ambiguous or its plain meaning leads to absurd results that the legislature could not possibly have intended. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). In this case, it was not alleged "only" that Appellant violated her community supervision conditions by failing to pay her community supervision fees, but also that she violated those conditions by failing to report and pay restitution. Therefore, under the plain meaning of the ability-to-pay statute, the statute does not apply here. *See Davis v. State*, 591 S.W.3d 183, 193 (Tex. App.—Houston [1st Dist.] 2019, no pet.); *Bush v. State*, No. 09-18-00414-CR, 2019 WL 2607592, at *2 (Tex. App.—Beaumont June 26, 2019, no pet.) (mem. op., not designated for publication); *Johnson v. State*, No. 07-19-00031-CR, 2019 WL 2872292, at *4 (Tex. App.—Amarillo July 3, 2019, no pet.) (mem. op., not designated for publication); *Farr v. State*, No. 13-17-00297-CR, 2018 WL 4017118, at *4 (Tex. App.—Corpus Christi Aug. 23, 2018, no pet.) (mem. op, not designated for publication); *Beard v. State*, Nos. 14-15-00606-CR, 14-15-00607-CR, 2016 WL 4533414, at *5 (Tex. App.—Houston [14th Dist.] Aug. 30, 2016, pet. ref'd) (mem. op, not designated for publication).

Nonetheless, Appellant cites *Brown v. State*, 354 S.W.3d 518 (Tex. App.—Fort Worth 2011, pet. ref'd), to support her argument that the statute applies despite its plain language. In a footnote, citing *Stanfield v. State*, 718 S.W.2d 734 (Tex. Crim. App. 1986), the court of appeals opined that "[t]he legislature's use of the word "only" in the statute is not intended to lift the requirement that the State prove that the probationer was able to pay and did not pay as ordered by the judge when the State includes additional allegations of nonmonetary community supervision violations." *Brown*, 354 S.W.3d at 520 n.3. We are not persuaded by this footnote that we should ignore the plain language of the statute. First, we note that this proposition in

***Brown*** did not determine the outcome of the case. *See **id.*** at 520, 523 (concluding State failed to show appellant's ability to pay fees but upholding revocation based on commission of new offense).

Moreover, the court of criminal appeals's analysis of the ability-to-pay statute in ***Stanfield***, on which the court of appeals in ***Brown*** relied, is inapplicable to an analysis of the statute's current version. When ***Stanfield*** was decided, two versions of the ability-to-pay statute existed. *See **Stanfield***, 718 S.W.2d at 735. One version provided that in a revocation hearing at which

> it is alleged *only* that the probationer violated the conditions of probation by failing to pay [certain prescribed fees, costs et cetera], the inability of the probationer to pay . . . is an affirmative defense to revocation, which the probationer must prove by a preponderance of the evidence."

***Id.*** The other version provided essentially the same text except that it omitted the word "only." ***Id.*** Both versions had the effect of relieving the state—at least in cases in which no other violations were alleged—of its previous burden to prove the defendant had the ability to pay and intentionally failed to do so. ***Id.*** at 736. After reviewing the legislative history of the two versions, the court concluded that

> given those circumstances and when the legislative intent is so clear, to restrict application of the burden of proving that affirmative defense to a hearing on a motion to revoke making "monetary allegations" alone produces quirky consequences that simply may not be justified on the theory that "only"—an often misused adverb—was inserted in one act but not in the other.

***Id.*** at 737.

Unlike the ability-to-pay statute in effect when ***Stanfield*** was decided, there is only one version of the current statute. Under this circumstance, we cannot presume that the legislature unintentionally included the word "only" or intended that it be ignored. *See **Wagner v. State***, 539 S.W.3d 298, 306 (Tex. Crim. App. 2018) ("We presume that every word has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible"). Nor can we conclude that giving effect to the word "only" in this context leads to an absurd result. *See **Boykin***, 818 S.W.2d at 785. Because the State alleged violations in addition to those listed in the ability-to-pay statute, the statute did not work to give the State the burden of

4

proving that Appellant had the ability to pay her community supervision fees, and the trial court did not err by revoking Appellant's community supervision on that basis. *See **Davis***, 591 S.W.3d at 193; ***Bush***, at *2; ***Johnson***, 2019 WL 2872292, at *4; ***Farr***, 2018 WL 4017118, at *4; ***Beard***, 2016 WL 4533414, at *5. Accordingly, we overrule Appellant's second issue.

Because one sufficient ground for revocation will support a trial court's order revoking community supervision, we need not address whether the trial court erred by revoking Appellant's community supervision for failure to pay restitution. *See **Smith***, 286 S.W.3d at 342; *see also* TEX. R. APP. P. 47.1 (court of appeals opinion must be as brief as practicable and need address only issues necessary to final disposition of appeal). Accordingly, we overrule Appellant's first issue.

## JUDGMENT ERROR

In Appellant's third issue, she argues that the judgment must be modified to properly reflect the trial court's findings.

### Applicable Law

When there is a conflict between the oral pronouncement of sentence in open court and the sentence set out in the written judgment, the oral pronouncement controls. ***Thompson v. State***, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003). The solution in such cases is to reform the written judgment to conform to the sentence that was orally pronounced. ***Id.***; *see also* TEX. R. APP. P. 43.2 (authorizing courts of appeals to modify trial court's judgment).

### Analysis

Appellant complains that the trial court's judgment includes a statement that she "violated the terms and conditions of community supervision as set out in the State's Motion to Adjudicate Guilt." She contends that because the trial court found one of the State's allegations "not true," the statement in the judgment does not accurately reflect the court's pronouncement. The State, while conceding that the statement could be more precise, disagrees that it does not accurately reflect the court's pronouncement.

We agree with Appellant that the statement does not accurately reflect the court's pronouncement. Accordingly, we sustain her third issue and modify the judgment to reflect that Appellant violated some of the terms and conditions of community supervision as set out in the State's Motion to Adjudicate Guilt. *See* TEX. R. APP. P. 43.2; ***Thompson***, 108 S.W.3d at 290.

## DISPOSITION

Having overruled Appellant's first and second issues and sustained her third issue, we *modify* the trial court's judgment and ***affirm*** it ***as modified***.

GREG NEELEY
Justice

Opinion delivered March 23, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 23, 2022**

**NO. 12-21-00052-CR**

**LAWANDA RUSHING,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0256-12)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to reflect that Appellant violated some of the terms and conditions of community supervision as set out in the State's Motion to Adjudicate Guilt; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*