# NOS. 12-20-00266-CR
# 12-20-00267-CR
# 12-21-00017-CR
# 12-21-00018-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *STEPHEN EMORY NOLAN,*<br>*APPELLANT* | § | *APPEALS FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Stephen Emory Nolan appeals the trial court's judgments adjudicating him guilty of accident involving serious bodily injury or death and two counts of accident involving injury, and its judgment revoking community supervision for intoxication assault with a vehicle causing serious bodily injury. In three issues, Appellant challenges the trial court's findings that he violated the conditions of his community supervision in each case and the legality of his sentence in one case. We affirm two of the judgments, reverse the other two judgments, and remand those cases for a new punishment hearing.

### BACKGROUND

Appellant was charged by indictment with accident involving serious bodily injury or death, two counts of accident involving injury, and intoxication assault with a vehicle causing serious bodily injury. Pursuant to a plea agreement, he pleaded "guilty," and the trial court deferred a finding of guilt and placed him on community supervision for a term of ten years in the three accident cases, and assessed his punishment at imprisonment for ten years, suspended for a term of ten years, in the intoxication assault case. Subsequently, the State filed a motion to

proceed with an adjudication of guilt in the accident cases and a motion to revoke community supervision in the intoxication assault case based on allegations that he failed to report and submit to two random urinalyses and failed to pay restitution at the rate of $5,675.00 per month in each of seventy-five months.

After a hearing on the motions, the trial court found the allegations "true," adjudicated Appellant "guilty" and assessed his punishment at imprisonment for ten years in each of the accident cases, and revoked his community supervision and assessed his punishment at imprisonment for ten years in the intoxication assault case. This appeal followed.

## PROPRIETY OF REVOCATION

In Appellant's first issue, he argues that the trial court erred by determining that he violated the condition of his community supervision regarding submission to urinalysis because the language used in the condition varies from the language used in the motions to adjudicate and revoke, and the evidence does not support a violation of the condition under its original language. In Appellant's second issue, he argues that the court erred by revoking his community supervision in the accident involving serious bodily injury or death case for failing to pay restitution.

### Standard of Review and Applicable Law

In revocation cases, the state has the burden to establish by a preponderance of the evidence that the terms and conditions of community supervision have been violated. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The preponderance of the evidence standard is met when the greater weight of the credible evidence supports a reasonable belief that the defendant violated a condition of community supervision. *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006). In a revocation hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Taylor v. State,* 604 S.W.2d 175, 179 (Tex. Crim. App. 1980). The determination to proceed with an adjudication of guilt after a defendant is placed on deferred adjudication community supervision is reviewable in the same manner as a revocation hearing. TEX. CODE CRIM. PROC. ANN. art. 42A.108(b) (West 2018).

Appellate review of a trial court's order revoking community supervision is limited to determining whether the trial court abused its discretion. *Caddell v. State*, 605 S.W.2d 275, 277

(Tex. Crim. App. [Panel Op.] 1980).  One sufficient ground for revocation will support a trial court's order revoking community supervision.  *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009).

<u>**Analysis**</u>

The community supervision condition regarding urinalysis reads, "At your own expense, submit to a urinalysis or breathalyzer upon the request of your Supervision Officer."  In the motions to adjudicate and the motion to revoke, the condition is stated, "At your own expense, submit to a urinalysis or breathalyzer as directed by your Supervision Officer."  The motions allege that Appellant "violated the conditions of community supervision in that the said, Stephen Nolan, did fail to report and submit to a random urinalysis, on the 19th day of August 2020."  The motions further allege the same violation on November 15, 2018. Appellant pleaded "true" to both allegations.

Appellant acknowledges that a plea of true, standing alone, is generally sufficient to support community supervision revocation.  *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979).  However, Appellant argues that his "plea of true in this case is insufficient to support the trial court's revocation because the condition the State alleged in its Motion was not the same as what was written in Appellant's actual conditions of community supervision."  Appellant cites no authority for the proposition that the language in a motion to revoke must be identical to the language in the conditions of community supervision, and we know of no such authority.  *See* TEX. R. APP. P. 38.1(i) (requiring brief to contain clear and concise argument with appropriate citations to authorities).  The State argues that the phrases "upon the request of" and "as directed by" are synonymous in the context of mandatory community supervision conditions, and we agree.  For these reasons, we conclude that the trial court did not err by determining Appellant violated the urinalysis condition based on his plea of "true."  *See id.*; *Moses*, 590 S.W.2d at 470.  Accordingly, we overrule Appellant's first issue.

Because one sufficient ground for revocation will support a trial court's order revoking community supervision, we need not address whether the trial court erred by finding the restitution allegation "true."  *See Smith*, 286 S.W.3d at 342; *see also* TEX. R. APP. P. 47.1 (court of appeals opinion must be as brief as practicable and need address only issues necessary to final disposition of appeal).

In Appellant's third issue, he argues that his sentence in trial court cause number 007-0711-14 is illegal.

**Applicable Law**

A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). An appellate court that otherwise has jurisdiction over a criminal conviction may always notice and correct an illegal sentence. *Id.* The remedy in such cases is that the defendant is entitled to a new punishment hearing. *Blue v. State*, 591 S.W.3d 255, 260 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

**Analysis**

Trial court cause number 007-0711-14 is one of Appellant's accident involving injury cases. Because there was no allegation that the injury to the victim in cause number 007-0711-14 was "serious" as defined in the penal code or that the accident resulted in the victim's death, this offense was punishable by (1) imprisonment in the Texas Department of Criminal Justice for not more than five years or confinement in the county jail for not more than one year, (2) a fine not to exceed $5,000.00, or (3) both the fine and the imprisonment or confinement. *See* TEX. TRANSP. CODE ANN. § 550.021(c)(2) (West 2021). The trial court sentenced Appellant to imprisonment for ten years.

On appeal, Appellant argues that his sentence is illegal because it exceeds the maximum range of punishment, and, therefore, trial court cause number 007-0711-14 must be remanded for a new sentencing hearing. The State agrees, and so do we. *See id.*; *Mizell*, 119 S.W.3d at 806; *Blue*, 591 S.W.3d at 260. Accordingly, we sustain Appellant's third issue.

The State further observes that Appellant's sentence in trial court cause number 007-0710-14 is also illegal for the same reasons. We agree.

Trial court cause number 007-0710-14 is Appellant's other accident involving injury case. There was no allegation that the injury to the victim in cause number 007-0710-14 was "serious" as defined in the penal code or that the accident resulted in the victim's death. Therefore, the offense was punishable by (1) imprisonment in the Texas Department of Criminal Justice for not more than five years or confinement in the county jail for not more than one year, (2) a fine not to exceed $5,000.00, or (3) both the fine and the imprisonment or confinement. *See*

TEX. TRANSP. CODE ANN. § 550.021(c)(2).  The trial court sentenced Appellant to imprisonment for ten years.

Because Appellant's sentence in cause number 007-0710-14 exceeds the maximum range of punishment, the sentence is illegal.  *See id.*; ***Mizell***, 119 S.W.3d at 806.  Therefore, trial court cause number 007-0710-14 must be remanded for a new punishment hearing.  *See **Blue***, 591 S.W.3d at 260.

## DISPOSITION

Having overruled Appellant's first issue, we ***affirm*** the trial court's judgments in trial court cause numbers 007-0709-14 and 007-0712-14.  Having sustained Appellant's third issue, we ***reverse*** the trial court's judgment in trial court cause number 007-0711-14 and ***remand*** the case for a new punishment hearing.  Having noticed an illegal sentence in trial court cause number 007-0710-14, we ***reverse*** the trial court's judgment in that case and ***remand*** the case for a new punishment hearing.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered December 21, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 21, 2021**

**NO. 12-20-00266-CR**

**STEPHEN EMORY NOLAN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-0709-14)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 21, 2021**

**NO. 12-20-00267-CR**

**STEPHEN EMORY NOLAN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-0710-14)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, because it is the opinion of this Court that there was error in judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this Court that the judgment be **reversed** and the cause **remanded** to the trial court **for a new trial on punishment** in accordance with the opinion of this Court; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 21, 2021**

**NO. 12-21-00017-CR**

**STEPHEN EMORY NOLAN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0711-14)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, because it is the opinion of this Court that there was error in judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this Court that the judgment be **reversed** and the cause **remanded** to the trial court **for a new trial on punishment** in accordance with the opinion of this Court; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 21, 2021**

**NO. 12-21-00018-CR**

**STEPHEN EMORY NOLAN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-0712-14)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*